RALPH LOWE v. THE STATE.

No. 18570.   Delivered March 17, 1937.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; punishment being assesed at a fine of fifteen dollars.

The prosecution proceeded under section 5, chap. 282, Gen. Laws, Regular Session, 42nd. Leg. We quote the pertinent provisions of said section, as follows:

"No commercial motor vehicle, truck-tractor, trailer or semi-trailer shall be operated on the public highway outside of the limits of an incorporated city or town with a load exceeding seven thousand pounds on any such vehicle or train or combination of vehicles."

It was alleged in the complaint and information, in substance, that the motor vehicle was driven by appellant on highway No. 10 outside the limits of the City of Brownwood, Texas, an incorporated town, with a load exceeding seven thousand pounds. A State highway patrolman testified that he apprehended appellant on State Highway No. 10 on the night of January 28, 1936, and that the net load on appellant's truck was 10,200 pounds. As to whether appellant was outside the city limits of Brownwood, the officer testified as follows:

"When I first noticed that truck he was, I think, just about the foot of the mountain and coming to the mountain; I refer to the big mountain or hill here out toward Bangs from Brownwood—the first big hill. That is just outside the city limits of Brownwood. On Highway No. 10 I know where there is a city limits marker; I know just about where it is. When I first noticed this truck it was outside the city limit marker."

On cross-examination the witness testified as follows:

"You ask me if it is not a fact that I do not know of my personal knowledge where the city limits of the town of Brown-

wood are or anything of the kind,—and I answer that I know where that marker is. I never saw these lines run out. I am not a surveyor. I do not know of my own personal knowledge where the lines are. I know nothing more about that than that sign. I do not know when that was put up. I do not know who put that sign up. That is all that I can base my testimony on when I testified to the county attorney about the sign that I mentioned out there."

It was incumbent upon the State to support the averment in the indictment that appellant drove his truck outside the limits of Brownwood, Texas, an incorporated town. Other than the testimony of the officer, we find no proof in the record which, in our opinion, would support the averment. As disclosed by several bills of exception, appellant timely and properly objected to the testimony we have heretofore quoted on the ground, among others, that it was hearsay. Manifestly, the officer did not know where the city limit was. He based his testimony entirely upon the fact that there was a marker indicating that the city limit crossed the highway at the point the officer testified about. He did not know who placed the marker there; and the State brought forward no witness to testify concerning the matter. In short, the officer's entire testimony as to the location of the truck outside the city limit was based on the fact that he saw a sign at a given point marked "city limit." We think appellant's objection should have been sustained; and that reversible error is presented.

The other bills of exception brought forward are not thought to present reversible error.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

LATTIMORE, JUDGE (dissenting).—I think the testimony shows that the place where appellant had operated the truck was shown to be outside the corporate limits of Brownwood. So believing, I am compelled to dissent.