BOB VAUGHT V. THE STATE.

No. 22452. Delivered March 24, 1943.
Rehearing Granted May 5, 1943.

The opinion states the case.

*C. R. Carpenter* and *Max Coleman,* both of Lubbock, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged with a violation of the local option liquor laws of Lubbock County in that he unlawfully transported whisky in such a dry area, and under a further allegation of a previous conviction for an unlawful sale of intoxicating liquor, he was assessed a verdict by the jury of one year's confinement in the county jail.

There are no bills of exceptions in the record. There does appear therein the reporter's notes as to what took place during the trial of the case, but such notes are not arranged in the

form of bills of exceptions, nor are they signed by the trial court, and they can not be considered by us.

The facts show that a farmer living about nine miles from Lubbock came up behind a car which was being driven in an erratic manner, zigzagging across the road, going back and forth in the road. The farmer stopped and watched the car, and was looking at it when it turned over on the highway. He saw some one get out of the turned over car, and came up to it and inquired if such person needed help. The answer was "I am in a mess," and such person asked the farmer to help him carry the liquor into a field. This the farmer refused to do, but upon request to carry such person into town, he did so, and that person then got out when they got to town, and was identified by the witness to his best knowledge as the appellant, who seemed to have a scar on his chin.

The Liquor Control Board officers found in this wrecked car fifteen cases of whisky and four bottles, and five cases of whisky that had been broken.

Appellant's defense was that of an alibi, which was supported by his own testimony as well as that of his wife and father, and possibly some others. Thus an issue was formed which the jury was called upon to decide. They saw fit to decide such against appellant, and we do not think the facts are so strong against that decision that we are called upon to set their verdict aside.

Believing the facts to be sufficient, and finding no error in the record, this judgment is affirmed.

### ON MOTION FOR REHEARING.

DAVIDSON, Judge.

Upon the original submission of this case, our attention was not called to the variance between the allegations of the information and the proof. The State, in charging the offense of transporting intoxicating liquor, did so as follows: "One Bob Vaught, in Lubbock County, and State of Texas, did then and there unlawfully, transport an alcoholic beverage containing alcohol in excess of four per cent by weight, to-wit, whiskey, in/a dry area, in an automobile on a public highway, to-wit, commonly known as U. S. Highway No. 84, in Lubbock County, Texas — — — — — — — — — — —."
The effect of said allegation was that appellant transported the whiskey, in an automobile, on U. S. Highway No. 84.

There is no testimony in this record that the highway where appellant was seen driving the car, with whiskey therein, was on or along U. S. Highway No. 84. The only proof along this line is that he was driving the car and that the car was found on the "Shallowater Highway in Lubbock County, Texas." There is no testimony that the "Shallowater Highway" was known as "U. S. Highway No. 84," nor that they were one and the same highway.

The State, having described with unnecessary particularity the place where the offense was alleged to have been committed, was bound to sustain that allegation by proof. Blocker v. State, 73 S. W. 955; Meuly v. State, 3 Tex. App. 382; Evans v. State, 40 S. W. 988; McAllister v. State, 55 Tex. Cr. R. 264; 116 S. W. 582; Spencer v. State, 118 Tex. Cr. R. 336, 42 S. W. (2d) 259. The Spencer case, supra, is deemed directly applicable and controlling here.

It is apparent that there is a fatal variance existing between the allegations of the information and the proof, which renders the facts insufficient to support the conviction.

The appellant's motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.