**Jeryl Floyd WILLIAMS et ux., Appellant,**

v.

**R. B. BAILEY et al., Appellees.**

**No. 5058.**

Court of Civil Appeals of Texas, Waco.

Sept. 23, 1971.

Rehearing Denied Oct. 14, 1971.

Charles J. Brink, Houston, for appellant.

Vinson, Elkins, Searls & Smith, Knox D. Nunnally, Houston, Boyd M. Bailey, Madisonville, Weitinger, Bradshaw & Foster, Don Weitinger, Houston, Roger Knight, Jr., Madisonville, for appellees.

OPINION

HALL, Justice.

Automobiles operated by Mrs. Weldon Bailey and Mrs. Jeryl Williams collided on Interstate Highway 45 between Houston and Conroe. Mr. and Mrs. Williams brought this action against the Baileys and

Texas Cemeteries, Inc., seeking damages for personal injuries allegedly suffered by Mrs. Williams. Jury trial resulted in a judgment on the verdict that plaintiffs take nothing. We affirm.

Both vehicles were headed north at the time of the accident. The plaintiffs' automobile was in front. The collision occurred on a downgrade. A few minutes before the collision, a tractor and trailer owned by Texas Cemeteries, Inc., suffered a breakdown as the result of a tire blowout, and was caused to block the left and middle lanes of three lanes provided for northbound traffic. The point of the truck breakdown was a short distance north of the end of the slope.

Mrs. Williams crested the hill in the left lane. As she did so, she saw the tractor and trailer blocking the highway and cars stopped in front of her in her lane of traffic. She began slowing and brought her automobile to a stop behind another vehicle. Then, in her words, she "put the car in neutral and put on the brakes." Soon thereafter the plaintiffs' vehicle was struck at its left-rear corner by the Bailey vehicle.

■ Answering special issues numbered as follows, the jury failed to find from a preponderance of the evidence that Mrs. Bailey (14) failed to properly apply her brakes; or (16) was following too closely; or (18) failed to keep a proper lookout; or (20) was driving at an excessive speed. The plaintiffs contend that there is "no evidence" so support any of these findings. Those are plaintiffs' issues and they had the burden of proof thereon. The real question for decision, therefore, is whether the evidence establishes conclusively, or as a matter of law, that the acts inquired about were committed. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas Law Review 361, 363–364 (1960).

Mrs. Bailey testified that while she was climbing the hill, Mrs. Williams passed her and then "cut back" in front of her in the left lane of traffic; that until that time she had maintained a distance of "probably 8 or 10 or 12 car lengths" between her car and any car in front of her; that Mrs. Williams pulled in front of her at a distance of three or four car lengths; that as Mrs. Williams "topped the hill" she was still three or four car lengths in front of Mrs. Bailey, and that a part of the plaintiffs' vehicle, "the brake light particularly," disappeared over the crest; that as she reached the crest of the hill she could see that the plaintiffs' car "had come to a stop shortly after cutting in front of her;" that her speed at the time was about 45 miles per hour; that she was looking straight ahead at all times and "could see;" that she was watching the traffic conditions; that "immediately upon seeing the tail lights or stop lights" of the plaintiffs' car she applied the brakes of her vehicle; that she applied her brakes as quickly as she could under the circumstances. She stated that she tried to steer her car to her left to avoid the collision, and testified as follows: "I got the two left wheels off of the pavement, and in doing so it hit that gravel and it fishtailed around, and in doing so my right front fender came in contact with her rear left fender." She said that "hitting the gravel" made her car slide "further than ordinary."

Mrs. Williams testified that as she climbed the hill she "passed a car in the left-hand lane." A police officer who investigated the accident stated, "It looked like Mrs. Bailey had made some attempt to go to the left. She had tried to stop." He also said that the "hardest impact" between the vehicles was "right above the left wheel" at the rear of the plaintiffs' automobile. There was testimony that the collision occurred about 200 feet from the top of the hill.

We hold that the evidence raises questions of fact as to whether the acts inquired about in issues nos. 14, 16, 18 and 20 were committed. Plaintiffs assert that the jury's answers to those issues are against the great weight and preponder-

ance of the evidence. After reviewing all of the evidence, we hold that they are not.

Plaintiffs complain of the manner in which special issues nos. 3, 4 and 5 were conditionally submitted, contending that "such conditioning rendered said special issues of no effect and was equivalent to no submission at all."

Issue no. 1 asked whether the tires of the trailer "operated by the defendant, Texas Cemeteries, Inc.," were defective on the occasion in question. It was answered "Yes." Issue no. 2 inquired whether Texas Cemeteries' employee knew that the tires were defective. It was answered "No." Issues 3, 4 and 5 were conditionally submitted and were not answered. Issue no. 3 was to be answered only if issue no. 2 was answered "Yes." It asked whether the failure of Texas Cemeteries' employee to discover the defective condition of the tires was negligence. Issue no. 4 was conditioned upon a "Yes" answer to issue no. 3, and inquired whether Texas Cemeteries' employee was negligent in operating the trailer with defective tires. Issue no. 5 was to be answered only if issue no. 4 was answered "yes," and asked whether "such negligence was a proximate cause of the collision between Mrs. Williams and Mrs. Bailey."

Special issues nos. 1 through 5 were plaintiffs' issues and, the record shows, were requested by them. No one objected to the issues or to the conditions under which they were submitted to the jury.

■ By failing to object to the conditional submission of issues nos. 3, 4 and 5, plaintiffs waived their right to have them answered by the jury; and under the provisions of Rule 279, Texas Rules of Civil Procedure, those issues must be deemed found by the court in such manner as to support the judgment. Strauss v. LaMark (Tex.Sup., 1963), 366 S.W.2d 555, 557; Bay Petroleum Corporation v. Crumpler (Tex.Sup., 1963), 372 S.W.2d 318, 320.

■ In their motion for new trial, plaintiffs alleged several acts of jury misconduct. On the hearing of the motion, they called one juror to testify and the defendants countered with the testimony of three jurors. On most of the alleged acts of misconduct the testimony of the jurors was conflicting.

The actual occurrence of jury misconduct is a question of fact for trial court determination and its finding thereon will not be disturbed if it has support in the evidence. 4 Tex.Jur.2d 368, Appeal and Error, Sec. 827. We must assume that the trial court, by overruling the motion for new trial, found against the contentions of plaintiffs on those alleged acts of misconduct under which the proof was conflicting; Hix v. Wirt (Tex.Civ.App., 1949, writ ref., n. r. e.) 220 S.W.2d 530, 533; and those findings are binding on this court. Younger Brothers, Inc. v. Myers, 159 Tex. 585, 324 S.W.2d 546, 551.

Proof was made that some of the jurors discussed, or at least mentioned, two matters not in evidence. In our view of the testimony, the discussions were casual and of insignificant matters. In the light of the entire record, we hold that no probable injury resulted to plaintiffs. See 4 Tex. Jur.2d 369, Appeal and Error, Sec. 827.

Plaintiffs' complaints of jury misconduct are overruled.

All of plaintiffs' points and contentions have been carefully considered. None present reversible error. All are overruled.

The judgment is affirmed.