Edward **HIGHTOWER**, Individually and as next friend of Lionel Hightower, a minor, Appellants,

v.

MEMBERS MUTUAL INSURANCE COMPANY, Appellee.

No. 5243.

Court of Civil Appeals of Texas, Waco.

April 12, 1973.

Rehearing Denied May 10, 1973.

Harris, Martin, Carmona & Cruse, Galveston, for appellants.

McLeod, Alexander, Powel & Apffel, James L. Anthony, Galveston, for appellee.

VIC HALL, Justice.

This is a venue case. Plaintiffs-appellants, Edward Hightower, individually and as next friend of his minor son, Lionel Hightower, brought this action in Galveston County to recover damages under the uninsured motorist coverage of a family automobile policy issued by the defendant-appellee, Members Mutual Insurance Company. The pertinent parts of the policy provide that, subject to a specified limit, the defendant will pay all sums which plaintiffs "shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury * * * caused by accident and arising out of the * * * use of such uninsured automobile * * *."

After pleading the insurance contract, plaintiffs alleged that Lionel was crossing

a public street in the City of Galveston on foot when he was struck and seriously injured by a truck operated by Adene Holden; that the collision was caused by Holden's negligence; and that Holden was an uninsured motorist at the time.

The defendant filed a plea of privilege to be sued in Dallas County, the county of its residence. In their controverting plea, plaintiffs asserted that the provision in Subd. 23 of our venue statute[1] which states that a suit against a private corporation may be brought "in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation * * * has an agency or representative in such county" permitted venue in the county of suit. After a hearing without a jury, the trial court sustained the plea of privilege. We affirm.

Upon plaintiffs' request, the court filed findings of fact and conclusions of law. It found that on February 10, 1971, Lionel Hightower, a minor then nine years of age, was struck by a truck owned and driven by Adene C. Holden on a public street in the City of Galveston, Galveston County, Texas; that Lionel sustained serious bodily injuries and his father, Edward Hightower, incurred medical expenses and other special damages; that Holden was uninsured; that an insurance policy issued by defendant to Edward Hightower providing uninsured motorist coverage for plaintiffs was in full force and effect at the time of the collision; that, at the time of the issuance of the policy and at the time of the collision, plaintiffs were residents of, and defendant had a representative in, Galveston County; and that Holden was driving his vehicle while intoxicated, but that act was not a proximate cause of the collision. The court concluded that (1) plaintiffs were required to prove that Holden was negligent on the occasion in question and that his negligence was a proximate cause of the collision in order to maintain venue in Galveston

County; and (2) Holden's act of driving his motor vehicle while intoxicated at the time of the collision was negligence per se; but, (3) because plaintiffs failed to prove that Holden's negligence was a proximate cause of the collision, venue properly lies in Dallas County.

Plaintiffs come forward with two points of error. There are no cross-points.

In their first point, plaintiffs assert that the trial court erred in its conclusion that they were required to prove that Holden was negligent and that his negligence was a proximate cause of their injuries in order to maintain venue in Galveston County. Plaintiffs argue that although they could file an action in tort against Holden individually to collect their damages resulting from his alleged negligent collision with Lionel, the present suit is based upon defendant's agreements to pay plaintiffs their damages; and that Holden's negligence and its causal connection with plaintiffs' damages are not necessary venue facts in this contract action. We disagree.

■ The rule is now settled that in order to defeat a plea of privilege by virtue of the provisions of Subd. 23 of the venue statute that are invoked by Hightower, an insured suing his carrier on the uninsured motorist coverage of his policy must establish a full cause of action by proving both the contract of insurance and its breach. Employers Casualty Co. v. Clark, (Tex. Sup., 1973) 491 S.W.2d 661.

The contract of insurance before us requires plaintiffs to show that they are "legally entitled" to recover damages from Holden before they will have established a cause of action against the defendant. This calls for proof that Holden's negligence caused plaintiffs' damages. Those facts are, therefore, necessary venue facts in this case.

Plaintiffs' first point is overruled.

[1]. Vernon's Ann.Tex.Civ.St., Art. 1995.

In their second point, plaintiffs contend that there is no evidence to support the court's finding that Holden's negligence was not a proximate cause of the collision. The issue of proximate cause is a question of fact. This is true, even though a defendant may be guilty of negligence per se. 40 Tex.Jur.2d 708, Negligence, Sec. 165. As we have said, proof that Holden's negligence was a proximate cause of their damages was plaintiffs' issue. They had the burden of establishing that fact to the satisfaction of the factfinder by a preponderance of the evidence. Banks v. Collins, 152 Tex. 265, 257 S.W.2d 97, 99 (1953). The real question for decision, therefore, is whether the record shows as a matter of law that Holden's conduct was a proximate cause. Williams v. Bailey (Tex.Civ.App., 1971, writ ref., n. r. e.), 471 S.W.2d 446, 447. We hold that it does not, and overrule the second point of error.

The *only* evidence bearing upon the manner in which the collision occurred is the testimony of the minor plaintiff. He testified that as he started to cross the street he stepped between two cars which were parked at the curb near the middle of the block; that he stopped between the cars to wait for Holden's truck to pass; that he dropped a dime which he was holding and "reached down" to get it; that he does not know whether the dime rolled into the street; and that he remembers nothing about the collision.

The judgment is affirmed.