**938**

**AMERICAN MAYFLOWER MOVING & STORAGE SERVICES, Appellant,**

v.

**C. B. MALMBERG et ux., Appellees.**

No. 8405.

Court of Civil Appeals of Texas, Amarillo.

Oct. 15, 1973.

Johnson, Guthrie & Billings, Russell M. Manning, Jr., Dallas, for appellant.

Blanchard, Clifford, Sims & Kidd, John C. Sims, Lubbock, for appellees.

REYNOLDS, Justice.

An order overruling a plea of privilege is challenged on grounds that the proof admissible under the pleadings is insufficient to sustain venue in the county of suit. The challenge is sustained; however, the anomalous result is a remand for full development instead of rendition of judgment sustaining the plea which, had the trial judge entered under this record, would have been affirmed. Reversed and remanded.

C. B. Malmberg and his wife instituted this suit in Lubbock County. Named as defendants were Southern Moving & Storage Co. as "a business," American Mayflower Moving & Storage Services as "a multiple business," and Aetna Insurance Company. The petition allegations are that the Malmbergs engaged Southern to transport their personal property from San

Antonio to Lubbock " . . . with the understanding that the shipment would be delivered to their home upon request from the storage facilities of AMERICAN MAYFLOWER MOVING & STORAGE SERVICES in Lubbock, Texas"; that Aetna insured the goods for loss in transit and non-delivery; that the property has not been delivered; and that the defendants acted jointly and in concert with each other.

American Mayflower's plea of privilege to be used in its domiciliary county of Dallas was controverted by an affidavit incorporating the original petition and in which it was asserted, without any additional venue facts being alleged, that venue was maintainable in Lubbock County under subdivisions 9a, 23 and 24 of the general venue statute, Vernon's Ann.Civ.St. art. 1995. Upon the hearing, the admissible evidence, without a detailed recitation thereof, was sufficient for the trial judge to find that Southern was engaged to transport the Malmbergs' household property to Lubbock; that a portion of the property was received at, and that the Malmbergs delivered another portion of their property to, the Lubbock facility of American Mayflower which, by the unobjected to receipt in evidence of an advertisement appearing in the Lubbock telephone directory over the name of American Transfer & Storage Co. as "Mayflower agent," was represented to be engaged in local, nationwide and worldwide moving and storage; and that the property has not been delivered to the Malmbergs. Over objection, the court received evidence of American Mayflower's negligence in misdelivery of the property. In this condition of the pleadings and evidence, the trial court overruled the plea of privilege.

■ Judicial pronouncements concerning, and applying exceptions to, the general venue statute are legion, and not infrequently they are in apparent conflict; nonetheless, several basic principles are too well ingrained to admit to question or to require the citation of any of the numerous authorities. To deny a defendant the valuable right to be sued in his domiciliary county, the plaintiff must both clearly plead and prove venue facts sufficiently demonstrating that his case is embraced within one or more of the statutory exceptions. Only that evidence reasonably supported by the allegations in the petition is admissible at the venue hearing. The nature of the suit is an important venue fact and the petition, which may be elaborated on in the controverting affidavit to establish the necessary venue facts under some circumstances not material here, is the best and all sufficient evidence of the nature of the suit. The nature of the suit is a determination of law for and by the court.

■ The petition shows that the nature of this suit is a claim for the monetary value of property lost by reason of its transportation by one or more common carriers. However, American Mayflower was alleged to be only "a multiple business," a characterization that does not clearly import, and is wholly insufficient to support, a claim that it is either a common carrier or a corporation.

The petition contains no allegation of negligence on the part of American Mayflower so as to subject it to the venue exception permitted by subdivision 9a, and the evidence of negligence, objected to as being without support in the pleadings, was inadmissible and should have been excluded. There is no pleading, proof or admission that American Mayflower is a corporation, one of the essential venue facts under subdivision 23. Thus, in the state of this record, venue was not sustainable in Lubbock County under either subdivision 9a or subdivision 23 of the venue statute.

In joining the venue issue for appellate consideration, the Malmbergs rely for affirmance solely on subdivision 24, under which they have the burden to plead, inter alia, the essential venue fact that American Mayflower is a common carrier. As previously noted, there is no pleading of this necessary venue fact. It follows that the

Malmbergs failed to discharge their burden to maintain this suit in Lubbock County under subdivision 24 of the venue statute.

There are no trial court findings of fact or conclusions of law; consequently, the Malmbergs having failed to bring their case within any venue exception relied upon, it is speculative why venue was sustained in Lubbock County. Nevertheless, venue was sustained, either upon an erroneous theory or upon an erroneous implied finding that the pleadings and proof were sufficient to maintain venue under one of the reliant venue exceptions; otherwise, the trial court would have transferred this cause to Dallas County. Under these circumstances, our judgment must be one of reversal and remand for full development of the essential venue facts. Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (1948).

Reversed and remanded.