GUARANTEE INSURANCE COMPANY OF TEXAS, Appellant,

v.

George E. BOGGS, Appellee.

No. 8551.

Court of Civil Appeals of Texas, Amarillo.

Aug. 29, 1975.

Rehearing Denied Sept. 22, 1975.

Bradshaw & Bynum, Arlen D. Bynum and Louis J. Sandbote, Dallas, for appellant.

Merchant & Barfield, J. Jerry Merchant, Amarillo, for appellee.

ELLIS, Chief Justice.

In this venue case, defendant Guarantee Insurance Company of Texas has appealed from the order of the trial court overruling its plea of privilege to be sued in the county of its residence. Affirmed.

Plaintiff, George E. Boggs, brought suit in Deaf Smith County, Texas, against defendant, Cain Alfaro Valdez, for personal injuries suffered when a vehicle driven by Valdez struck the parked automobile occupied by plaintiff. Plaintiff joined as defendants, Comco Insurance Company and Guarantee Insurance Company of Texas, pursuant to uninsured motorist coverage alleged to be included in separate policies in force at the time of the collision. Defendant Guarantee filed its plea of privilege to be sued in Dallas County, Texas. From the order overruling its plea of privilege, appellant brings this appeal.

Certain pertinent facts were stipulated by the parties at the plea of privilege hearing: (1) that Lawrence Ray Boggs is the brother of George E. Boggs and that on August 9, 1970 Lawrence Ray Boggs was issued a policy of automobile insurance through La Plata Insurance Agency of Hereford, Texas; (2) that the policy was issued by First National Indemnity Company, for the term of August 9, 1970 to August 9, 1971; (3) that at the time Lawrence Ray Boggs was issued the policy, he signed a rejection of the uninsured motorist coverage; (4) that Lawrence Ray Boggs understood the nature of the rejection; (5) that between August 9, 1970 and August 9, 1971 said policy was assumed, as were all of the automobile policies of First National Indemnity Company, by Guarantee Insurance Company of Texas; (6) that no further rejection of uninsured motorist coverage was signed by Lawrence Ray Boggs and (7) that the two policies of insurance issued to Boggs were identical.

Testimony from the plea of privilege hearing reveals that plaintiff and his brother Lawrence Ray Boggs were partners in the wrecking yard business and that on the occasion in question, plaintiff-appellee had driven a wrecker to near the northern city limits of Hereford, Texas to tow a stalled car from the shoulder of U.S. Highway 385. While appellee reached inside the stalled automobile to take it out of gear, defendant Valdez' vehicle struck the stalled car and injured the appellee.

In his controverting affidavit appellee contended that subdivisions 23 and 29a of Tex.Rev.Civ.Stat.Ann., art. 1995 (1955), applied to sustain venue in Deaf Smith County. Appellant contends in two points of error that the trial court erred in sustaining venue under either subdivision 23 or 29a.

No findings of fact or conclusions of law were requested or made in this case. Notwithstanding the rule that on appeal from an order overruling a plea of privilege every reasonable intendment must be resolved in favor of the trial court's judgment, the filing of the plea of privilege placed the burden on the appellee to plead and prove by a preponderance of the evidence the applicability of one or more of the exceptions to the general rule of art. 1995 to the facts of this case. *Collins v. F. M. Equipment Company*, 162 Tex. 423, 347

S.W.2d 575 (1961); *Burtis v. Butler Bros.*, 148 Tex. 543, 226 S.W.2d 825 (1950); *Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610 (1948).

Subdivision 23 provides in substance that suit may be maintained against a private corporation in the county in which the cause of action or a part thereof arose. Thus, to maintain venue in Deaf Smith County under subd. 23, appellee is required to establish a cause of action against appellant, viz., that appellant breached a contract that existed between it and appellee. *Employers Casualty Company v. Clark*, 491 S.W.2d 661 (Tex.1973); *Hightower v. Members Mutual Insurance Company*, 494 S.W.2d 285 (Tex.Civ.App.—Waco 1973, no writ). Appellee also had the burden of establishing that negligence attributable to the alleged uninsured motorist was a proximate cause of appellee's injuries. *Hightower v. Members Mutual Insurance Company*, supra. Appellee's cause of action must be based upon uninsured motorist coverage in the policy of the insurance upon which appellee urges that appellant is liable. *Members Mutual Insurance Company v. Olguin*, 462 S.W.2d 348 (Tex.Civ.App.—El Paso 1970, no writ). By stipulation of the parties, it was established that Lawrence R. Boggs, appellee's brother, was issued an automobile liability insurance policy the terms of which specifically, by separate agreement, rejected uninsured motorist coverage. The policy is not in evidence. However, it was stipulated that the insurance policy was issued on August 9, 1970 for a term of one year. During that year the policy in question and other policies of First National Indemnity Company were assumed by appellant. Subsequently, the La Plata Insurance Agency, an independent insurance agency in Hereford, contacted Lawrence Ray Boggs to inquire whether he wanted to renew the insurance for another year. Boggs replied that he wanted the insurance for another year, making no request for the addition of uninsured motorist coverage or for any other change in policy coverage.

Tex.Ins.Code Ann. art. 5.06–1 (1967) requires that uninsured motorist coverage be included in all automobile liability insurance policies issued except where the insured rejects such coverage. Art. 5.06–1 provides, further: ". . . [T]hat unless the named insured requests such coverage in writing, such coverage need not be provided in or supplemental to a renewal policy where the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer."

To determine whether appellee had a cause of action against appellant by virtue of uninsured motorist coverage we must consider whether under art. 5.06–1, the written rejection of uninsured motorist coverage signed by appellee in August, 1970 is effective against the renewal policy of insurance issued on August 9, 1971. The language of art. 5.06–1 requires from the insured a written request for uninsured motorist coverage where such coverage was rejected by the insured in connection with a policy previously *issued* to him by the same insurer. We find no authority construing this particular language of the statute.

An examination of art. 5.06–1 leads us to believe that is was the intent of the legislature to make uninsured motorist coverage a part of every liability insurance policy issued, with certain limited exceptions. The statute begins: ". . . No automobile liability insurance . . . shall be delivered or issued for delivery in this state unless coverage is provided therein or supplemental thereto, . . ." for protection against uninsured motorists. Because the above general rule is clearly stated, and because of the remedial purpose of uninsured motorist laws, we believe that words providing an exception to the general rule of art. 5.06–1 should be strictly construed. *Hamaker v. American States Insurance Co. of Texas*, 493 S.W.2d 893 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n. r. e.); *Johnson v. Concord Mutual Insurance Co.*, 450 Pa. 614, 300 A.2d 61 (1973); *Dufresne v. Elite Insurance Company*, 26 Cal.App.3d

916, 103 Cal.Rptr. 347 (1972); 55 ALR 3d 206 (1974). In *Johnson v. Concord Mutual Insurance Co.*, supra, the Supreme Court of Pennsylvania recognized that uninsured motorist statutes evolved from public policy considerations and must be broadly and liberally construed. The court held that, conversely, words in the uninsured motorist statute permitting the rejection of uninsured motorist coverage must be narrowly and strictly construed. The language of the uninsured motorist statute before the Court in *Johnson* is almost identical to that in art. 5.06–1.

The California Court of Appeal in *Dufresne v. Elite Insurance Company*, supra, held that the uninsured motorist statute of that state ". . . must be liberally construed to carry out its objective of providing financial protection for bodily injury . . . caused by uninsured motorists . . . and, as a corollary, 'any exception or exclusion must be strictly construed.'" Id. at 351. The Court declared that since the legislature had provided specific means of rejecting uninsured motorist coverage, only by strict adherence to the method prescribed by the legislature can rejection of coverage be accomplished. Proper construction of the statute would apply the exception sparingly. Therefore, it is our opinion that the words "policy previously issued to him by the same insurer" given their ordinary signification as required by the rules of construction set out in Tex.Rev. Civ.Stat.Ann., art. 10, must be taken to mean, literally, previously *issued* by the same business entity. Here, it is not urged that First National and appellant Guarantee are the same business entity. They are, in fact, separate and distinct entities, and we hold that the insurance policy renewed by appellant in this case, even though on identical terms, is not a renewal by the same insurer which issued the original policy within the meaning of art. 5.06–1.

That the alleged uninsured tortfeasor was in fact uninsured at the time of the collision was undisputed in testimony by the defendant, Valdez.

In view of our holding that the rejection of uninsured motorist coverage signed by Lawrence Boggs was ineffective against the renewal policy issued by appellant Guarantee, by operation of law uninsured motorist coverage will be included in the policy in force at the time of the collision. *Allstate Insurance Company v. Hunt*, 469 S.W.2d 151 (Tex.1971). Appellant does not contend that the liability policy was not in full force and effect at that time.

Our examination of the record reveals adequate evidence to support findings that defendant Valdez' alleged negligence was the proximate cause of appellee's injuries. Although appellant contends there is no proof that the asserted cause of action arose in Deaf Smith County, it is our opinion that the trial court was entitled to judicially notice that the accident took place in Deaf Smith County by virtue of the testimony that the collision in question took place along U.S. Highway 385 at about the Hereford, Texas city limits, near the intersection with 16th Street. See *Barber v. Intercoast Jobbers & Brokers*, 417 S.W.2d 154 (Tex.1967).

We hold, therefore, that the pleadings and evidence support the order of the trial court overruling appellant's plea of privilege under subd. 23 of art. 1995. Appellant's point of error number one is overruled. We do not reach appellant's second point of error since we have determined that venue is maintainable in Deaf Smith County under subd. 23.

Accordingly, the order of the trial court overruling appellant's plea of privilege is affirmed.