GREEN TREE ACCEPTANCE,
INC., Appellant,

v.

James E. HARRISON et ux., Appellees.

No. 13081.

Court of Civil Appeals of Texas,
Austin.

Feb. 20, 1980.

Robert A. Markowitz, Houston, for appellant.

Dick Blankenship, Austin, for appellees.

PHILLIPS, Chief Justice.

This is an appeal from an order of the trial court overruling appellant's plea of privilege to be sued in Harris County, Texas.

We reverse the judgment of the trial court and remand the cause to the trial court with instructions.

Appellees, James E. and Mary Harrison, purchased a mobile home from Three Points Mobile Home Sales, located in Round Rock, Texas, on March 31, 1978. A Retail Installment Contract was signed by appellees, which was assigned by the seller to the appellant, Green Tree Acceptance, Inc. Appellees brought· suit against appellant in Travis County, alleging failure to cure defects in the mobile home and improper disclaimer of implied warranties, in violation of the Texas Deceptive Trade Practices Act,[1] and failure to disclose official fees, failure to describe the security interest retained and charging appellees more interest than permissible, in violation of the Texas Consumer Credit Code.[2]

Appellant filed its plea of privilege which was controverted by appellees. Appellees alleged that venue was proper in Travis

---

1. Tex.Bus. & Comm.Code Ann. §§ 17.41–17.63 (Supp.1980).

2. Tex.Rev.Civ.Stat.Ann. arts. 5069–1.01–5069–51.19 (Supp.1971–79).

County pursuant to Section 17.56 of the Business and Commerce Code, in that appellant had done business in Travis County, and that venue is proper pursuant to Art. 5069–8.04 of the Consumer Credit Code, as the purchase of the mobile home took place in Travis County, Texas. After hearing the evidence, the trial court entered an order overruling appellant's plea of privilege.

Appellant's complaint is that there is no evidence that appellant had either done business in Travis County or that the transaction was entered into in Travis County. We sustain appellant's points.

Venue is proper in Travis County pursuant to Section 17.56 of the Business and Commerce Code or Art. 5069–8.04 if appellees did indeed prove that the purchase of the mobile home took place in Travis County. Our review of the statement of facts reveals no evidence to support this theory.

■ The question of "no evidence" is one of law. Consequently, we must consider only the evidence and the inferences favorable to the questioned finding and to disregard all evidence and inferences to the contrary. *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965).

The only evidence offered by appellees was the testimony of Mr. and Mrs. Harrison. The substance of their testimony was that they purchased the mobile home from Three Points Mobile Home Sales in Round Rock, Texas. Mrs. Harrison stated that she believed that the dealership was located in Travis County because the Round Rock city limits sign on Interstate Highway 35 precedes the Williamson County sign, and that Travis County borders Williamson County to the south. Mrs. Harrison testified that she and her husband exited the freeway before the appearance of the Williamson County sign, and that the mobile home dealer was therefore located in the part of Round Rock which lies in Travis County.

Appellees submit that the trial court was justified in taking judicial notice that the southern portion of Round Rock, Texas, is situated in Travis County. Appellees further submit that Mrs. Harrison's testimony established that the mobile home dealer was located south of the Williamson County sign, and that by judicially noticing that the southern portion of Round Rock is in Travis County, the court could conclude that the mobile home dealer was also located in Travis County.

■ It is true that a court may judicially notice that a city is not situated wholly within one county. *Southwestern Investment Company v. Shipley*, 400 S.W.2d 304 (Tex.1966); *Ladehoff v. Boxwell*, 390 S.W.2d 368 (Tex.Civ.App.—Eastland), *writ dism'd*, 400 S.W.2d 303 (Tex.1966). However, even if this Court were to take judicial notice that Round Rock, Texas, is situated partly in Williamson County and partly in Travis County, the evidence failed to prove that Three Points Mobile Home Sales is located in the Travis County portion of Round Rock. The only testimony relevant to the location of the dealership is by Mrs. Harrison, who testified, over appellant's objection, that the mobile home dealer was located south of the Williamson County sign, and therefore must be in Travis County.

■ At best, Mrs. Harrison's knowledge is based upon a sign on the freeway which is clearly hearsay information. She testified that she did not have personal knowledge that the location of the sales office was in Travis County, but that her only knowledge of its location was based upon a sign on the freeway. She did not know who placed the sign on the freeway. This testimony was inadmissible as hearsay. *Lowe v. State*, 132 Tex.Cr.R. 153, 103 S.W.2d 159 (1937).

■ Hearsay testimony is not competent testimony and can never form the basis of a finding of fact or judgment of the court. *Texas Co. v. Lee*, 138 Tex. 167, 157 S.W.2d 628 (1941); *M. L. C. Loan Corporation v. P. K. Foods, Inc.*, 541 S.W.2d 902 (Tex.Civ.App.—Beaumont 1976, no writ); *Texas Pipe Bending Co. v. Gibbs*, 580 S.W.2d 41 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n. r. e.). Disregarding the hearsay testimony of the location of

the Williamson County line, the record contains no evidence to support a finding that the mobile home dealer was located in Travis County.

The order of the trial court is reversed and the cause is remanded to the district court with instructions that the cause be transferred to the district court of Harris County.

Reversed and Remanded with Instructions.

SMITH, J., not sitting.