Jerry W. HOWETH, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–81–123–CR.

Court of Appeals of Texas,
Austin.

June 16, 1982.

Rehearing Denied July 14, 1982.

J. W. Howeth, Terrey Cobb, Austin, for appellant.

Margaret Moore, County Atty., Edward Moore, Asst. County Atty., Austin, for appellee.

POWERS, Justice.

After a *de novo* trial in the County Court at Law Number 2 of Travis County, to which he had appealed from a municipal court conviction, appellant Jerry W. Howeth was found guilty of speeding in violation of an ordinance of the City of Austin, Texas. He was fined $125.00.

The complaint alleged that appellant's excessive speed occurred "upon a public street [in the City of Austin], to-wit: 5500 block Cameron Road." In his appeal to this Court, appellant challenges his conviction upon the single ground of error that "the evidence produced by the State in regard to the location of the offense was inadmissible hearsay." He urges the rule that the State must prove each and every element of an offense which it alleges; and when the State makes any additional allegations which are descriptive of an essential element, the additional allegations must also be proved by competent evidence. *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr.App.1975).

The State's witnesses, the officers who stopped appellant and issued a citation to him, based their conclusion that the offense

occurred in the 5500 block of Cameron Road upon (1) a street sign and (2) the street number signs on business establishments, both of which they observed at the place where the offense occurred. Contending both kinds of signs constituted inadmissible hearsay, and that the officers lacked personal knowledge of the block number, appellant complains there was no competent evidence to prove the descriptive averment that the offense occurred in the 5500 block of Cameron Road. We disagree.

■ Implicit in appellant's hearsay contention is a premise that the declaration on the signs (5500 block of Cameron Road) referred to an officially designated segment of the street, akin to the line of municipal limits fixed by a city's governing body or a county line fixed by statute. For the signs' declaration to be hearsay, it must have been offered to prove the truth of the matter stated; and we know of no "true" designation of a street segment and name other than a designation by official action and authority. Appellant cites no authority for the proposition that place descriptions in a charging instrument *must* be by an official description, and we know from the reported cases that charging instruments frequently describe the location of the offense by reference to a common or popular name. For example, the offense of disturbing the peace of "the inhabitants of a public place, to-wit: 500 block of Shreiner St; Christine's Place" is sufficient, and no more particular description of the public place is required. *Ex parte Nichols*, 158 Tex.Cr.R. 218, 254 S.W.2d 518 (1952). We therefore interpret the officer's complaint in the present case, in its reference to the 5500 block of Cameron Road, to be a statement of local knowledge or repute as to that location. *Cf. Vaught v. State*, 145 Tex. Cr.R. 623, 171 S.W.2d 128 (1943) (holding essential an evidentiary showing that Highway 84, averred in the indictment, was also "known as" Shallowater Highway, identified in the evidence as the place of the offense). Our interpretation satisfies the purpose of the charging instrument in a criminal action: giving fair notice to the defendant and making available a plea of double jeopardy. *Byrd v. State*, 456 S.W.2d 931 (Tex.Cr.App.1970). Therefore, the State was not required in the present case to prove that the signs observed by the officers conformed to any official designation of the street and block, either in their location, name or number. The nature of Cameron Road as a public street was the essential and controlling element; official action in laying out a road is not a prerequisite to its being a "public" road. *City of Houston v. Hughes*, 284 S.W.2d 249 (Tex. Civ.App.—Austin 1955, writ ref'd n. r. e.).

The words "5500 block of Cameron Road" were descriptive of the "public street" where the offense occurred—an essential element of the offense of unreasonable and imprudent speed. City of Austin, Code of Ordinances, § 11–2–97. Municipal control of motor vehicle operation and speed extends only to their occurrence on the "public streets." Tex.Rev.Civ.Stat.Ann. art. 1175(20).

■ The term "public street" is a generic term which includes all urban public ways used for the ordinary purposes of travel. *Town of Refugio v. Strauch*, 29 S.W.2d 1041 (Tex.Comm'n App. 1930, judgmt adopted). That Cameron Road was a public street is sufficiently shown by circumstantial evidence found in the record of trial. The issue reduces to whether the precise location of the offense along that public street, gratuitously alleged by the State, is sufficiently shown by the officers' testimony based upon their seeing the signs at that location.

The cases relied upon by appellant are quite different from the present case in the controlling legal principle. In *Lowe v. State*, 132 Tex.Cr.R. 153, 103 S.W.2d 159 (1937), the municipal boundary, and the precise location of that line, were matters fixed by the city's governing body; and the location of that line determined the criminality of the act proscribed by statute. The act was criminal under the relevant statute *only* if it occurred outside municipal limits; hence the precise place where the act occurred was an essential element of the of-

fense and not merely a description of that element. In *Green Tree Acceptance, Inc. v. Harrison*, 595 S.W.2d 608 (Tex.Civ.App.—Austin 1980, no writ), the legal issue was venue, which depended upon whether the event occurred in a particular county or not. Thus, the place of the event was again an essential element, and not one merely descriptive, in a resolution of the relevant legal issue before the court. In *Cohen v. State*, 479 S.W.2d 950 (Tex.Cr.App.1972), the evidence was held insufficient to establish "that appellant was in the 12,300 block" of Westheimer Road, there being no testimony which placed appellant's act in that block, as opposed to another block of Westheimer Road. The opinion makes clear, however, that common repute was the means used to prove the segments of Westheimer Road involved in the case.

The testimony in the present case, relative to the street and block number signs, consists in the testimony of two officers who made the traffic stop, having detected by radar appellant's excessive speed. By their testimony as to the location proclaimed by the signs, we conclude they were not reciting any extra-judicial *statements* to which the hearsay rule would apply. Rather, they were simply describing objective physical facts, which they observed firsthand, from which one might reasonably conclude, as the complaining officer did, that the place of the offense was commonly known as the 5500 block of Cameron Road.

The signs were markings on chattels. Many such articles of property bear numbers, writings or other inscriptions which may become relevant to prove a disputed fact in a lawsuit: a policeman's badge, a firearm, a ring or other jewelry, a tombstone, a branded animal, a highway sign, an elevator displaying a manufacturer's number and, perhaps, a statutory notice that smoking is prohibited therein, a shirt with laundry marks, scales showing weight, a coffin bearing an inscription, barrels that display shipping marks, bottle labels of various kinds, speed-measurement devices, and the printed labels on such things as butter and dynamite. When testimony is elicited based upon these inscriptions, it is impor-

tant to determine which aspect of the article—its nature as a chattel or its informational aspect—is important to the material legal issue. For the purposes of the best evidence rule, the matter is left to the trial judge's discretion. *United States v. Duffy*, 454 F.2d 809 (5th Cir. 1972); IV Wigmore on Evidence § 1182. Therefore, witnesses may by testimony identify stolen currency based upon serial numbers on the bills. *Smith v. State*, 547 S.W.2d 6 (Tex.Cr.App. 1977). In a prosecution for unlawfully carrying a firearm in a licensed bar, a witness may testify that the bar was licensed, based upon his recollection of records in his office to that effect. *Reyna v. State*, 477 S.W.2d 564 (Tex.Cr.App.1972). In *Keeney v. Odom*, 534 S.W.2d 409 (Tex.Civ.App.—Beaumont 1976, writ ref'd n. r. e.), a witness defined the maximum gross weight of a truck based upon information set forth in a metal plate placed upon the vehicle by its manufacturer. The court said as follows, in response to a contention that the information on the plate was hearsay and not the best evidence:

> Plaintiff insists this is hearsay, and the plate itself would be the best evidence of this information. We disagree. This plate attached to the wrecker we regard as a marking on a chattel. See *United States v. Duffy*, 454 F.2d 809 (5th Cir. 1972). See also, *Kansas Pac. Ry. v. Miller*, 2 Colo. 442 (1874).
>
> > "If a sign were painted on a house, it would hardly be contended that the house would have to be produced, nor can it be said that the law converts the courtroom into a receptacle for wagons, boxes, tomb-stones." (Taken from Appellee's Brief.)
>
> Furthermore, to have removed this plate from the wrecker would probably contravene statutory law. Tex.Rev.Civ.Stat. art. 6687–1 § 49(c)(1) (Supp. 1975–1976)
>
> . . . .

We have concluded, then, that the trial judge did not err in treating the officers' testimony as their description, based upon firsthand observation, of the place on Cameron Road where the offense occurred.

That they observed the signs adjacent to where the offense occurred was circumstantial evidence that the place was commonly known or reputed to be the 5500 block of Cameron Road.

Moreover, even if we assume the informational aspect of the signs should control, that is, that the signs constituted extra-judicial *statements* that the location in question was known as the 5500 block, the officers' testimony repeating the hearsay would be admissible to show such common repute, for reputation consists only in hearsay. *Smith v. State*, 283 S.W.2d 936 (Tex.Cr.App. 1955).

In either case, then, whether the signs be viewed as physical evidence proclaiming both the public nature of the street and the particular segment of it commonly known as the 5500 block, or as "statements" to the same effect, the officers' testimony was admissible. The judgment of the trial court is affirmed.

PHILLIPS, C. J., not sitting.