**FURR'S SUPERMARKET, INC.,**
**Appellant,**

v.

**Jack WILLIAMS and Wife, Nancy**
**Williams, Appellees.**

**No. 07–83–0187–CV.**

Court of Appeals of Texas,
Amarillo.

Dec. 27, 1983.

Jones, Trout, Flygare, Moody & Brown, James L. Wharton, Lubbock, for appellant.

Law Offices of Windle Turley, P.C., Terry Hyatt, Dallas, for appellees.

Before DODSON, COUNTISS and BOYD, JJ.

BOYD, Justice.

Appellant Furr's Supermarket, Inc. (herein Furr's) brings this appeal from an order overruling its plea of privilege to be sued in Lubbock County, Texas.

In attacking the order Furr's asserts the trial court erred in overruling the plea of privilege because: (1) it admitted hearsay testimony as to the location of the "alleged negligent act of Furr's" over objection; (2) there is insufficient evidence to prove that Furr's committed any "act or omission of negligence in Hockley County" and (3) there is no evidence to prove that Furr's committed any "act or omission of negligence in Hockley County." Appellant briefs and argues these points together and we will consider them together.

The suit giving rise to this appeal was filed by appellees Jack and Mary Williams as the "legal heirs" of their deceased son, Tony Lynn Williams. They assert that their son was killed as the result of an accident on December 3, 1982, assertedly caused by negligent conduct of Charles Gary Moore, an employee of appellant acting in the course and scope of his employment. They allege the accident occurred at a point in Hockley County approximately 600 feet east of the Terry County line.

Consideration of the question involved necessarily requires a resume of the pertinent testimony. Two witnesses testified at the hearing. Gary Moore testified he was employed by appellant and on the date in question was returning from deliveries made to Alamogordo, Las Cruces and Silver City, New Mexico. He made this run from Lubbock, Texas about once a week. On his return trip it had begun to snow and, as he came upon the location where the accident occurred, the surface of the road changed, the truck driven by him jack-knifed, he lost control, and the truck went through the highway median and onto the other side of the highway. When queried initially, he said "the road surface changed from Terry to Hockley County" and "almost the second I hit Hockley County my truck went out of control." He characterized the location of the surface change as "a place in the road where the construction crews quit from one county to another." However, upon further examination he testified his knowledge as to in which county the accident occurred was "marginal" and "I think it happened in Hockley County." Later, appellees' counsel inquired, "Okay. But you don't know for sure where the county line is?" To this inquiry, he responded with an unequivocal "No." Upon examination by appellant, in response to the question, "You don't know where the county line is?," Moore replied, "I don't know. I know where they put up a sign, but I don't know where the county line is."

Rick Andrews testified that he was the Department of Public Safety patrolman who investigated the accident. He testified that the accident occurred six hundred feet north and east of a marker with Terry County on one side and Hockley County on the other. This was a point which he later stated was "at least 700 feet in Hockley County." However, upon direct query he admitted his opinion as to the location of the county line was based upon the sign being "there." He also had no knowledge who placed the sign "there." He stated that the change in the road surface began within a matter of a foot or two of the marker and that the Hockley County officers patrolled east of the change of surface and Terry County officers patroled west of the sign. The last question asked Andrews was as to whether or not he knew the county marker was correctly placed, to which he replied with an unequivocal "No, sir."

In their controverting affidavit to the plea of privilege, appellees successfully argued that venue was proper in Hockley County by virtue of subdivision 9a of Article 1995, Tex.Rev.Civ.Stat.Ann. No findings of fact were requested or made in this case.

■ The venue facts necessary to have been established by a preponderance of the evidence by appellees to sustain venue in Hockley County were:

(1) an act or omission of negligence occurred in the county where suit was filed;

(2) such act or omission was that of defendant in person, or that of its agent, servant or employee acting within the scope of his employment; and

(3) such negligence was a proximate cause of plaintiff's injuries.

*Carter v. William Sommerville and Son, Inc.,* 584 S.W.2d 274, 276–277 (Tex.1979).

■ Notwithstanding the rule that, on appeal from an order overruling a plea of privilege, every reasonable intendment must be resolved in favor of the trial court's judgment, the filing of the plea of privilege placed the burden on appellees to plead and prove by a preponderance of the evidence, the applicability of subdivision 9a. *Collins v. F.M. Equipment Co.,* 162 Tex. 423, 347 S.W.2d 575 (1961); *Guarantee Ins. Co. of*

*Texas v. Boggs,* 527 S.W.2d 265, 267 (Tex. Civ.App.—Amarillo 1975, writ dism'd).

■ Appellant, to sustain its no evidence point, must demonstrate a complete absence of admissible, probative evidence of the fact. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 361, 363–64 (1960). To sustain a factually insufficient evidence point, it must demonstrate that the evidence in support of the finding is so weak, or that the contrary evidence is so overwhelming, that the finding should be set aside. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

The critical question presented by this appeal is whether appellees sufficiently established that the accident and/or the allegedly negligent acts leading to the accident occurred in Hockley County. Analysis of the testimony of Gary Moore sufficiently establishes that he had no personal knowledge of the county in which the acts occurred. However, he did know the accident happened when the surface of the road changed and this was in an area where maintenance by county construction crews changed from one county to another.

■ The opinion of Rick Andrews that the accident occurred in Hockley County was based upon the location of the marker referred to above, although he did know the Hockley County officers patrolled east of and the Terry County officers west of the sign in question. The portion of his opinion based upon the location of the marker without knowledge of who placed the marker there was inadmissible hearsay. *Lowe v. State,* 132 Tex.Cr. 153, 103 S.W.2d 159, 160 (1937); *Green Tree Acceptance, Inc. v. Harrison,* 595 S.W.2d 608, 609 (Tex.Civ.App.— Austin 1980, no writ). Prior to the adoption of Rule 802, Texas Rules of Evidence (effective September 1, 1983), inadmissible hearsay would not support a judgment even when admitted without objection. *Texas Co. v. Lee,* 138 Tex. 167, 157 S.W.2d 628, 631 (1941); *Aetna Ins. Co. v. Klein,* 160 Tex. 61, 325 S.W.2d 376, 381 (1959); *Aquamarine Associates v. Burton Shipyard, Inc., et al.,* 659 S.W.2d 820, 821 (Tex.1983).

■ Since we must disregard Andrew's hearsay testimony of the location of the county line, the only relevant testimony left for our consideration is that portion of Moore's testimony as to the operation of the construction crews and that portion of Andrew's testimony as to the patrolling by Hockley and Terry County officers. This evidence is insufficient to meet appellee's burden in the area under scrutiny here.

■ However, appellees contend that the trial court had authority to take judicial notice of the Hockley County boundaries and that it must be presumed that the trial judge took such notice of such boundaries and found that the accident occurred inside the boundaries. We do not agree. It is true that some facts may be judicially noticed because of their notoriety and indisputable existence. See *Harper v. Killion,* 162 Tex. 481, 348 S.W.2d 521, 522 (1961). Well known and easily ascertainable facts may be judicially noticed, including not only such things as county boundaries, but the location of the boundaries of municipalities within such counties and of events that occurred a specified distance from such boundaries. See *Barber v. Intercoast Jobbers & Brokers,* 417 S.W.2d 154 (Tex.1967). The proper test for judicial notice is: "Is the fact 'verifiably certain'?" *Eagle Trucking Co. v. Texas Bitulithic Co.,* 612 S.W.2d 503, 506 (Tex.1981).

For example, judicial notice has been taken that a point on a state highway a measured distance from an identifiable municipality was within Nueces County and an accident which occurred at that point was therefore within Nueces County. See *Buckaloo Trucking Company v. Johnson,* 409 S.W.2d 911 (Tex.Civ.App.—Corpus Christi 1966, no writ). It has also been held that proof that an accident took place at an intersection of a city street and a state highway located four miles north of downtown Odessa was sufficient to justify the court in taking judicial notice of the fact it occurred within Ector County since site was located with reference to the city of Odessa. *Barbor v. Intercoast Jobbers & Brokers, supra* at 158. This court has held that

proof that an accident took place along U.S. Highway 385 at about the Hereford city limits, near an intersection with a city street, was sufficient to justify judicial notice of the fact that the accident occurred within Deaf Smith County, Texas. *See Guarantee Ins. Co. of Texas v. Boggs*, 527 S.W.2d 265 (Tex.Civ.App.—Amarillo 1975, writ dism'd).

However, to take judicial notice that an object, *i.e.* the county marker, was located on the county boundary would be an extension of the doctrine not justified by the record. We do not believe that the location of the marker in question is a "certain and indisputable" fact that may be judicially noticed with "verifiable certainty."

Appellant's point of error two is sustained. Sustension of this point requires that we reverse the action of the trial court and remand the cause for another venue hearing. *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458, 459 (1948); *American Mayflower Moving & S. Serv. v. Malmberg*, 500 S.W.2d 938 (Tex.Civ.App., 1973, no writ).

DODSON, J., not participating.