TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00042-CR

Christopher Clyde Sharp, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 5 OF TRAVIS COUNTY

NO. 417,833, HONORABLE WILFRED AGUILAR, JUDGE PRESIDING

PER CURIAM

 A jury found appellant guilty of driving while intoxicated. Act of May 27, 1983, 68th Leg.
R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574 (Tex. Rev. Civ. Stat. Ann. art. 6701l-1(b), (c),
since amended and codified at Tex. Penal Code Ann. § 49.04). The county court at law assessed
punishment at incarceration for two years and a $1500 fine, suspended imposition of sentence, and placed
appellant on community supervision.

 Sheriff's deputy Leroy Smith testified that he saw appellant's car drive through the
intersection of Circle Drive and Williamson Creek Drive at an excessive rate of speed. Smith pursued
appellant on Circle Drive and onto Highway 290 before he succeeded in stopping him. After observing
appellant's demeanor, Smith arrested him for driving while intoxicated. Smith testified that these events
took place in Travis County. In four points of error, appellant contends Smith's testimony regarding the
location of the offense was inadmissible hearsay and lay opinion not rationally based on his perceptions. 
Tex. R. Crim. Evid. 701, 802. He also contends that Smith was not shown to have personal knowledge
of these facts. Tex. R. Crim. Evid. 602.

 Smith's testimony regarding the street names and their location in Travis County did not
recite any extrajudicial statements to which the hearsay rule would apply. Howeth v. State, 635 S.W.2d
636, 638 (Tex. App.--Austin 1982), rev'd on other grnds, 645 S.W.2d 787 (Tex. Crim. App. 1983). 
Smith described objective physical facts he observed firsthand. Smith's testimony was not in the form of
an opinion, but was in any case based on the officer's perceptions. Points of error one through four are
overruled.

 Appellant was videotaped following his arrest. This videotape was admitted in evidence
and played for the jury with certain portions of the audio deleted. In his final point of error, appellant
contends the court erred by permitting the jury to hear him invoke his right to remain silent. Hardie v.
State, 807 S.W.2d 319, 322 (Tex. Crim. App. 1991).

 This point of error was not preserved. At trial, appellant objected to the admission of the
audio after he requested that the interview be terminated. Assuming that the request to terminate the
interview was an invocation of the Fifth Amendment right to remain silent, appellant did not object to
allowing the jury to hear the request. Point of error five is overruled.

 The judgment of conviction is affirmed.

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: February 27, 1997

Do Not Publish