TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-98-00243-CR

Kenneth Earl Moore, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY

NO. 448913, HONORABLE DAVID CRAIN, JUDGE PRESIDING

A jury found appellant Kenneth Earl Moore guilty of violating a protective order. 
See Tex. Penal Code Ann. § 25.07(a)(3)(A) (West Supp. 1999). The court assessed punishment
at incarceration for one year and a $2000 fine, but suspended imposition of sentence and placed
appellant on community supervision.

The complainant was appellant's former wife. The information alleged that
appellant violated a protective order by intentionally and knowingly going within 200 yards of the
complainant's residence "located at 25117 Andrew Drive, Travis County, Texas." By two points
of error, appellant contends the court erred by admitting the testimony of Roye Strawn that the
complainant's address was that alleged in the information.

Appellant first contends that Strawn was not competent to testify to the
complainant's address because he did not have personal knowledge of the matter. See Tex. R.
Evid. 602. In his brief, appellant states that Strawn's only knowledge of the complainant's address 
was what he was told by a 911 operator. This is a misstatement of the record. Strawn testified
that he was the developer of the Old Ferry subdivision, where the complainant lived. Strawn
personally assisted the surveyor in laying out the subdivision. Strawn lives in the subdivision near
the complainant, and is the executor of the estate that owns the house in which the complainant
resides. Strawn manages the property and executed the lease by which the complainant rented the
house. Strawn had seen the mailbox in front of the complainant's residence on which the address
appears. This evidence demonstrates that Strawn's testimony that the complainant lived at 25117
Andrew Drive in Travis County, Texas, was based on his personal knowledge and firsthand
observation. See Howeth v. State, 635 S.W.2d 636, 638-39 (Tex. App.--Austin 1982), rev'd on
other grounds, 645 S.W.2d 787 (Tex. Crim. App. 1983). Point of error one is overruled.

Appellant's second point of error is that Strawn's lay opinion regarding the
complainant's address was not based on his perceptions. See Tex. R. Evid. 701. Strawn testified
to the address as a matter of fact, not opinion. In any case, his testimony was shown to be based
on his personal perceptions, as previously discussed. Point of error two is overruled.

The judgment of conviction is affirmed.

 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Jones and B. A. Smith

Affirmed

Filed: May 6, 1999

Do Not Publish