John R. SULLIVAN et ux., Individually and d/b/a Etna Oil Company, Appellant,

v.

S.A.S. INVESTORS, a Partnership, Appellee.

No. 18452.

Court of Civil Appeals of Texas, Fort Worth.

April 2, 1981.

Rehearing Denied May 7, 1981.

Kerr, Fitz-Gerald & Kerr, and Harris E. Kerr, Midland, for appellant.

Bishop, Lamsens & Brown, and Karl R. Albert, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is a venue case.

Plaintiff and Sullivan are joint venturers for the operation of oil and gas leases located in Reeves County. Plaintiff S.A.S. Investors sue for breach of the Joint Venture Agreement, damages, an injunction, and an order requiring the trustee to deliver to plaintiff assignments of the oil and gas leases. The assignments were to be delivered to the non-defaulting joint venturer upon breach.

The trustee resides in Tarrant County where the suit was filed. Plaintiff relies upon Tex.Rev.Civ.Stat.Ann. art 1995, subds. 4 and 7 (1980). The Sullivans rely on subd. 14, claiming this is a suit for title to land.

The Sullivan's plea of privilege was overruled. We affirm.

John and Etta Sullivan entered into a joint venture with S.A.S. Investors, a partnership, for the development of oil and gas properties located in Reeves County, Texas. In order to secure each party's performance the Sullivans and S.A.S. each executed assignments of their respective interests over to the other party. These assignments were then delivered into the safekeeping of a trustee, Charles Gumm, III. In the event of default by a joint venturer, the non-defaulting joint venturer could elect to terminate the agreement upon appropriate notice. Failure by the defaulting party to cure within a specified period of time *resulted in the forfeiture of any and all interest owned by the defaulting party in the Joint Venture.* At this point the assignments in the possession of trustee Gumm were to be delivered to the non-defaulting party.

Both parties notified trustee Gumm of the other party's default and both made demand upon Gumm for delivery of the assignments. Gumm refused to comply with either request.

S.A.S. then filed suit, seeking to enjoin the Sullivans from interfering with S.A.S.' access to the leases, damages and an order that trustee Gumm deliver the assignments. A temporary injunction was issued by agreement of all parties enjoining Gumm from delivering the assignments to either the Sullivans or S.A.S.

The leases covered by the Joint Venture Agreement are located in Reeves County. The Sullivans are residents of Reeves County. All other parties are residents of Tarrant County.

■ The Sullivans, in their plea of privilege, contend that venue is improperly laid in Tarrant County, that this is a suit for title to oil and gas lease interests and that Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 14 (1980) mandates that such suits for title to interests in real property be brought in the county where the land is located.

We acknowledge the mandatory nature of subd. 14. We recognize that this suit will indirectly determine which of the parties has title to the leases located in Reeves County. We cannot agree however that title to property is in dispute. The main purpose of this suit is to determine whether or not the Sullivans defaulted under the terms of their contract.

Section six of the Joint Venture Agreement, *Additional Contribution*, provides in part: "In case of default by any party, their interest in said property will be forfeited and without additional notice be conveyed to the non-defaulting venturer . . . ." The Letter of Instruction to Trustee provides that upon breach the "defaulting party's rights and interests in and to the joint venture *is terminated* and all rights and interest therein will be conveyed to the non-defaulting party and that the assignment will be delivered to the non-defaulting party." (Emphasis added.)

The assignments each contain the following language: "This assignment and transfer is and shall be effective upon my default as enumerated in the Joint Venture Agreement and letter of instruction to Trustee."

The thrust of plaintiff's suit is found in their prayer. They pray that the other joint venturer be enjoined from interfering with plaintiff's operation of the lease, for a full accounting of expenditures made in accordance with the agreement that Gumm, the trustee, be ordered to deliver the assignments to plaintiff, that plaintiff recover damages as a result of fraud, plus all attorney fees. Plaintiff does not sue for title to the property. Plaintiff in its prayer does not seek title to the property. It is our opinion that the main thrust of this suit is for breach of contract and damages and a requirement that the trustee deliver the assignments to the plaintiff. We overrule the Sullivans' first and second points of error.

█ The Sullivans also challenge the trial court's determination that venue in Tarrant County was proper under subd. 4, Resident Defendant.

The resident defendant was Charles Gumm, III, the trustee. It is the Sullivans' contention that Gumm is at best a nominal defendant, a mere stakeholder that has no financial interest in the outcome of the suit. It is therefore improper, they argue, to base venue on the inclusion of Gumm as a defendant in the suit.

The venue facts required to establish venue under Tex.Rev.Civ.Stat.Ann. art. 1995, subd. 4 (1980) were created to discourage a plaintiff from frustrating a defendant's venue rights by fraudulently or capriciously joining a local "defendant" on fictitious allegations. In this case, the claim against trustee Gumm is anything but fictitious. Gumm, as trustee, unless joined in this suit is capable of acting outside of and directly in contravention of any order declaring default or forfeiture. His joinder therefore is necessary to prevent multiple suits.

Nor can it be said that Gumm is merely a nominal or auxiliary party to this suit. He holds the assignments as trustee. S.A.S. contends that the Sullivans have breached the Operating Agreement, that under the Letter of Instruction to Trustee they are entitled to receive the assignments executed by the Sullivans. The Sullivans contend that S.A.S. has failed to pay its Note dated December 7, 1977, that under the same Letter of Instruction to Trustee, Gumm should deliver the assignment executed by S.A.S. to the Sullivans. Both S.A.S. and the Sullivans have notified the trustee of the claimed breaches; both have demanded that Gumm take appropriate action under the Letter of Instruction to Trustee. Gumm has declined, agreeing instead to a temporary injunction restraining him from delivering either of the assignments. It is apparent to us that the trustee wishes to avoid liability for breach of trust.

We find these facts sufficient to establish a bona fide cause of action by S.A.S. against the trustee, Charles C. Gumm, III, and overrule the Sullivans' remaining points of error.

The judgment is affirmed.