GETTY OIL COMPANY, et al., Appellants,

v.

Ira C. CORBIN and wife, Berneice Corbin, Appellees.

No. 16868.

Court of Appeals of Texas, San Antonio.

May 18, 1983.

Rehearing Denied June 22, 1983.

Walter Clay Cooke, Corpus Christi, for appellants.

Jay R. Sorrell, Pearsall, William R. Anderson, Jr., Corpus Christi, for appellees.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

TIJERINA, Justice.

This is an appeal from an order by the trial court denying appellants' pleas of privilege.

Ira and Berneice Corbin, appellees, are the owners of a 905.8 acre tract of land in Frio County, Texas. Appellees brought suit against appellants, alleging that appellants own working interests in an oil, gas and mineral lease covering the tract of land in question, and that appellants had failed to explore and develop the leased tract. All appellants filed pleas of privilege to be sued in the county of their residence or principal office. Appellees filed controverting pleas to each plea of privilege, claiming proper venue was in Frio County.

■ Appellants advance two points of error, contending that appellees, as a matter of law, failed to state a cause of action for the recovery of an interest in land or for damages sufficient to sustain venue in Frio County under article 1995(14).[1] Secondly, the corporate appellants contend that the evidence is legally and factually insufficient to support the trial court's implied findings pursuant to article 1995(23). The record reflects that neither party requested findings of fact and conclusions of law, nor were they filed by the court. When no findings of fact and conclusions of law are filed, the trial court judgment implies all necessary fact-findings in support of its judgment. *Carter v. William Sommerville & Son, Inc.,* 584 S.W.2d 274, 276 (Tex.1979).

■ Appellants and appellees both cite *Roach v. Chevron U.S.A., Inc.,* 574 S.W.2d 200 (Tex.Civ.App.—San Antonio 1978, no writ) as authority for the requirements to establish venue under article 1995(14). The statute requires that a suit to recover an interest in land or damages thereto be brought in the county where the land is

---

1. All statutory references are to Tex.Rev.Civ. Stat.Ann. art. 1995 (Vernon 1964).

located. Two venue facts must be established under subdivision (14): (1) the location of the land and (2) the nature of the plaintiff's claim, which is determined by the rights asserted and the relief sought in plaintiff's pleadings. *Roach v. Chevron U.S.A., Inc., supra* at 202. Appellant does not dispute that the land in question is located in Frio County, thus we need only determine the nature of appellees' claim. *See Hudgins v. Krawetz,* 558 S.W.2d 131, 132 (Tex.Civ.App.—San Antonio 1977, no writ).

The nature of the suit is an important venue fact and the allegations in the petition, which may be elaborated on in the controverting affidavit, are determinative of whether the nature of the suit complies with the statute; this determination is one of law for and by the court. *See Ryan Mortgage Investors v. Lehmann,* 544 S.W.2d 456, 459 (Tex.Civ.App.—Beaumont 1976, writ dism'd); *American Mayflower Moving & Storage Services v. Malmberg,* 500 S.W.2d 938, 939 (Tex.Civ.App.—Amarillo 1973, no writ). Further, alternative allegations are sufficient for the purpose of maintaining venue. *Bee County Cooperative Association v. Dominy,* 489 S.W.2d 418, 421–22 (Tex.Civ.App.—Corpus Christi 1972, no writ).

Appellees' original petition alleges that the lease in question, which is filed of record, has a primary term of five (5) years, which has elapsed. The petition alleges that two producing wells have been drilled, but that appellants have not conducted any additional development in the three years prior to the filing of suit. Appellees contend in their petition that appellants' failure to additionally explore and develop the leased premises violates covenants contained in the lease and violates the "reasonably prudent operator" standard governing such oil and gas leases. The prayer for relief requests damages for failure to develop, and termination of the lease as to all acreage except that acreage connected with the two existing producing wells. Alternatively, appellees request that the court set a time limit on further development. Appel-

lees' controverting plea asserts a cause of action under subdivision (14) of article 1995, pleading that the lawsuit against appellants is based in part on damages to realty situated in Frio County, Texas. The controverting plea further asserts that the cause of action is in part a suit for the recovery of an interest in land.

The term "damages to land" as used in subdivision (14) of the venue statute means injury to the possession, the freehold or the estate. *Richter v. Plains National Bank of Lubbock,* 440 S.W.2d 76, 80 (Tex. Civ.App.—Fort Worth 1969, writ dism'd). If an individual who has parted with an interest in land seeks to recover the interest by attempting to avoid the contract under which the land was lost, the suit is for the recovery of land and falls within the provisions of subdivision (14). *Leonard v. Carter,* 389 S.W.2d 147 (Tex.Civ.App.—Fort Worth 1965, writ dism'd). Additionally, if the instrument conveying the interest in land is filed of record, and for that reason would cloud title, a suit attacking the instrument would be one to remove an incumbrance upon title to the land. *DRG Financial Corp. v. Wade,* 577 S.W.2d 349, 352 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Leonard v. Carter, supra* at 148.

Guided by the authorities discussed above, our review of appellees' pleadings leads us to conclude that they have pled a cause of action within the ambit of subdivision (14). Our review is restricted to the nature or character of the suit, and is not directed to the question of whether a cause of action exists in fact. *See Sammons v. Manning,* 400 S.W.2d 787, 789 (Tex.Civ.App. —Fort Worth 1966, writ dism'd). Although appellants urge that this Court's decision in *Batex Oil Co. v. La Brisa Land & Cattle Co.,* 352 S.W.2d 769 (Tex.Civ.App.—San Antonio 1961, writ dism'd), requires us to hold that appellees' cause of action fails to satisfy the requirements of subdivision (14), *Batex* can be distinguished. The "precise question" facing this Court in *Batex* was "whether or not appellees' allegation that the lease has terminated by reason of cessation of production in paying quantities, was

made in good faith or only for the purpose of maintaining venue." *Batex Oil Co. v. La Brisa Land & Cattle Co., supra* at 771. Finding no claim of bad faith allegations, we hold that appellees' pleadings meet the requirements of subdivision (14). Point of error number one is overruled. In light of our holding, we need not address appellants' second point of error.

The order of the trial court is affirmed.

CANTU, Justice, dissenting.

The disposition made by the majority is without legal basis and I must respectfully dissent.

Appellees' original petition alleged facts which reveal that the nature of the lawsuit was to cancel an existing oil, gas and mineral lease for breach of implied and express covenants contained in the lease agreement. More specifically, appellees sought damages alleged to have been sustained as a result of appellants' failure to develop the leased premises. Additionally, relying upon an alleged breach of the covenant to explore the leased premises, appellees prayed for an order requiring appellants to specifically perform the covenant to develop the premises within a time to be designated by the court.

Only in the event that appellants failed to develop the premises within a period to be specified do appellees request the court for an order releasing and terminating appellants' "interest in the lease as to all portions of the subject property except the actual proration unit around each then producing well." A reading of appellees' petition thus reveals that the purpose of the suit is to recover damages for breach of the covenant to develop, to obtain specific performance of the covenant to develop and to obtain a declaration that the leased premises have not been reasonably explored, with a prayer for cancellation of the lease in the event that appellants have not developed the premises within time limitations to be set by the court.

In response to the petition of appellees, each appellant filed his plea of privilege seeking transfer of the suit to his county of residence. It is admitted in appropriate pleas of privilege that appellants Natural Gas Management Company, Amoco Production Company, Getty Oil Company, Inc., and Alpha Twenty-One Corporation, are either Texas corporations or corporations doing business in Texas with registered agents residing other than in Frio County. It is not disputed that appellants Leo Vesenmeir, Jr., Richard Phillips, Trustee, and W.B. Yarborough, are individuals.

Appellees' controverting plea to the plea of privilege of each corporate appellant alleges that the cause of action is based in part on damages to realty situated in Frio County and partly on a suit for the recovery of an interest in real estate situated in Frio County. Each controverting plea to the pleas of privilege of each corporate appellant invokes subdivisions 14 and 23 of Tex. Rev.Civ.Stat. art. 1995 (Vernon 1964).

Appellees' controverting plea to the plea of privilege of each individual appellant alleges that the cause of action is based upon the same theories as relied upon against the corporate appellants. However, only subdivision 14 of article 1995 is invoked against these appellants.

The controverting pleas incorporate by attachment and reference the original petition of appellees. Nothing in the controverting pleas contain further elaboration on the nature of the lawsuit which may serve to elucidate on the applicability of subdivision 14 of article 1995. The applicability of subdivision 14 must therefore, be evidenced from the petition itself without benefit of elaboration from any other source if the trial court's ruling is to be sustained on an implied finding.

The majority opinion correctly commences with the rule laid out in *Roach v. Chevron U.S.A., Inc.,* 574 S.W.2d 200 (Tex.Civ. App.—San Antonio 1978, no writ), recognizing that two venue facts be established where venue is sought to be sustained under subdivision 14 of article 1995 in a suit to recover an interest in land or for damage to realty. These two venue facts are (1) the location of the land, and (2) the nature of

the plaintiff's claim. The first fact may easily be established by proof. In the instant case no issue is made of the land's location. Only the second fact to be established is at issue and resolution must be made as a matter of law solely from the pleadings evidencing the true nature of appellees' claim. *Quinn v. Texas Power & Light Co.,* 593 S.W.2d 403 (Tex.Civ.App.—Tyler 1980, no writ); *Cox v. Palacios,* 188 S.W.2d 688 (Tex.Civ.App.—San Antonio 1945, no writ). It has also been expressed that the second fact must be determined by ascertaining "the principal right asserted and the relief sought. . . ." *See* 1 R. McDonald, Texas Civil Practice § 4.22.2 at 488 (1965); *Texas, Inc. v. Gideon,* 366 S.W.2d 628 (Tex.Civ.App.—Austin 1963, no writ). Therefore, even if cancellation of the lease is incidentally sought, if the principal right asserted and the relief sought stems from breaches of covenants rather than conditions subsequent giving rise to termination of an existing estate, the suit is not one invoking the applicability of subdivision 14 of article 1995. *Cf. Sullivan v. S.A.S. Investors,* 614 S.W.2d 634 (Tex.Civ.App.—Fort Worth 1981, err. dism'd); *Amoco Production Co. v. Mayer,* 540 S.W.2d 353 (Tex.Civ.App.—Beaumont 1976, err. dismd); *see also Colorado Interstate Gas Co. v. MAPCO, Inc.,* 570 S.W.2d 164 (Tex.Civ.App.—Amarillo 1978, no writ); *Anglo Exploration Corp. v. Grayshon,* 577 S.W.2d 742 (Tex.Civ.App.—San Antonio 1979, writ ref'd n.r.e.); *Batex Oil Co. v. La Brisa Land and Cattle Co.,* 352 S.W.2d 769 (Tex.Civ.App.—San Antonio 1961, writ dism'd).

Appellees contend that the prayer in their petition correctly points out that a breach of the covenants to develop and explore causes the lease to terminate.[1] Since the lease was not made a part of the pleadings either in the original petition or in the controverting plea, it may not be looked to in assessing the applicability of subdivision 14.[2] Nevertheless, the majority is not precluded from recognizing the principal right asserted and the relief sought by examining the entire petition. *Lake v. Reid,* 252 S.W.2d 978 (Tex.Civ.App.—Texarkana 1952, no writ).

In *Batex Oil Co. v. La Brisa Land and Cattle Co., supra,* this court was faced with a similar question, the applicability of subdivision 14 of article 1995 to a suit allegedly brought to cancel and annul an oil, gas and mineral lease because of failure to develop the premises *so that it produced in paying quantities.* The relief sought was identical to the relief sought in the instant case. The distinguishing feature between *Batex* and the instant case was the allegation that the premises were not producing in paying quantities. This distinction is important because failure to produce in paying quantities worked a termination of the leasehold estate under the terms of the lease.

There is no contention in the instant case that anything has occurred which would trigger the termination of the leasehold estate so as to give rise to an action for the recovery of lands or to remove incumbrances upon the title of the land.

The entire thrust of appellees' petition is that appellants have breached *covenants* in the lease agreement. Evidently, appellants recognized that a breach of covenants gives rise to a claim for damages and for specific performance because they prayed for both remedies. *See Rendleman v. Barlett,* 21 S.W.2d 58 (Tex.Civ.App.—Austin 1929, writ ref'd). In the case of *W.T. Waggoner Estate v. Sigler Oil Co.,* 118 Tex. 509, 19 S.W.2d 27 (1929), the Supreme Court recognized that the implied obligation for reasonable development in an oil and gas lease is

---

1. The cause of action depends on the facts stated in the petition and not on the wording of the prayer for relief alone. *Dixon v. Alford,* 333 S.W.2d 470 (Tex.Civ.App.—Amarillo 1960, no writ); *Allison v. Yarborough,* 228 S.W.2d 930 (Tex.Civ.App.—Amarillo 1950, no writ).

2. Of course the very language of the lease refutes their contention

a. The breach by Lessee of any obligation arising hereunder shall not work a forfeiture or termination of this lease nor cause a termination or reversion of the estate created hereby nor be grounds for cancellation hereof in whole or in part. . . .

not a "limitation" or a "condition subsequent" but a covenant, for the breach of which the remedy is ordinarily an action for damages by the lessor.

The lease in question cannot be forfeited for the breach of an implied covenant. *W.T. Waggoner Estate v. Segler Oil Co., supra; Scott v. Jackson,* 37 S.W.2d 1068 (Tex.Civ.App.—Eastland 1931, no writ).

I believe that neither breach alleged gives rise to an action for the recovery of lands so as to bring the exception under subdivision 14. Additionally, the breach of an implied covenant to explore states no cause of action cognizable at law and cannot suffice to invoke subdivision 14. *Clifton v. Koontz,* 325 S.W.2d 684 (Tex.1959).

As in *Batex, supra,* the alternative pleadings seeking specific performance and damages would not suffice to invoke the "damages to real estate" provision of subdivision 14. I would hold that appellees' pleadings state no cause of action which would authorize cancellation of the lease in question and that therefore, the pleadings do not allege facts which state an action for the recovery of land or damages thereto requiring the suit to be brought in the county where the land is situated. *Cf. Flournoy Production Co. v. Kain,* 626 S.W.2d 850 (Tex.App.—San Antonio 1981, no writ).

Although I do not believe venue can be sustained under subdivision 14 of article 1995 as to any of appellants, appellees also relied upon subdivision 23 as to the corporate appellants.

Subdivision 23 provides in pertinent part: Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; ...

In order to meet the requirements of this subdivision, the plaintiff must prove by a preponderance of the evidence all the elements of a cause of action against the corporation. *Santleben v. Taylor-Evans Seed Co.,* 585 S.W.2d 784 (Tex.Civ.App.—San Antonio 1979, no writ).

A cause of action is established by facts which show plaintiff's primary right and defendant's act which violates that right. *Quinn v. Texas Power and Light Co., supra.*

Even though the pleadings in appellees' petition may not suffice to establish venue under a particular subdivision of article 1995, the facts alleged together with proof when required may suffice to invoke another venue exception.

Appellees alleged that appellants Getty Oil Company, Inc., Amoco Production Company, Natural Gas Management Company and Alpha Twenty-One Corporation, were owners of the leasehold. The evidence at the hearing established that Getty Oil Company, Inc. and Amoco Production Company, each owned 25% of the leasehold estate. There is no showing that any of the other corporate and non-corporate appellants owned any interest.

Appellees cannot rely upon breach of the covenant to explore in order to sustain venue under subdivision 23 since such a cause of action is not one cognizable at law. *Clifton v. Koontz, supra.*

The other alleged breach, to further develop, is one arising conditionally out of the express language of the lease.

> * * * [A]fter the discovery of oil, gas or other mineral *in paying quantities* on the leased premises, Lessee shall develop the acreage retained hereunder as a reasonable prudent operator, but in discharging this obligation it shall in no event be required to drill more than one well per 80 acres of the area retained hereunder. . . . [Emphasis supplied.]

Appellants admit that appellees minimally plead a legally cognizable cause of action for breach of an *implied* covenant to reasonably develop but claim that appellees failed to introduce sufficient evidence at the hearing to support the trial court's implied findings that a cause of action had been proven by a preponderance of the evidence.

Appellants challenge both the legal and the factual sufficiency of the evidence to support the trial court's implied findings. When considering whether there is factual-

ly sufficient evidence to support the trial court's implied findings, all of the evidence must be considered and a new trial will be granted only if the implied findings are against the great weight and preponderance of the evidence. *Banks v. Collins,* 152 Tex. 265, 257 S.W.2d 97 (1953). On the other hand, in considering a legal sufficiency challenge only the evidence supporting the trial court's implied findings may be looked to. A finding of no evidence requires a reversal. *Banks v. Collins, supra.*

In order to sustain appellees' venue exception, the trial court must have necessarily found that all the corporate appellants owned a leasehold interest and that each breached the covenant to reasonably develop the lease. All the corporate appellants admitted to their status of a corporation and, therefore, no issue was raised as to that element.

There is, however, no evidence that appellants Natural Gas Management Company or Alpha Twenty-One Corporation have any ownership interest in the lease. The lease itself bears only the names of appellees and one Campbell Kilpatrick as lessee.

Nor is there any evidence that Natural Gas Management Company or Alpha Twenty-One Corporation violated any right which appellees might have that gives rise to their cause of action.

Under the rule announced in *Clifton v. Koontz, supra,* the obligation to develop a lease after obtaining production in paying quantities is measured by the rule of reasonable diligence or what an ordinarily prudent and diligent operator would do, and he is not required to continue in the performance of these duties or to engage in the performance of such implied duties unless there is a reasonable expectation of profit, not only to the lessor, but also to the lessee. (Citations omitted). 325 S.W.2d at 695.

Appellees' primary witness was Melvin Quick, a petroleum engineer and the production engineer for Richard Phillips, one of the individual appellants. Quick was called to testify as an adverse witness. There is no indication that Quick is connected in any manner with any of the corporate appellants. Nonetheless, Quick testified that two wells had been drilled on the leased premises at a time when he was wildcatting and there was talk of making millions of dollars. According to Quick, the wells have been producing since 1976 and 1977 and have not yet paid out the cost of drilling, completing and operating the wells. The well drilled in 1976 had produced only 21,000 barrels of oil in a five year period and the well drilled in 1977 had produced 15,000 barrels in a four year period. The expense of drilling a new well would conservatively run approximately $430,000.00.

Quick concluded with the opinion that a reasonably prudent operator would not drill an additional well on the premise because of the speculative nature based upon the history of the two prior wells. He did not think it would be "a prudent thing to do concerning the parties that are interested, that have an interest in the well" because "there are major companies involved and they are not wildcatters as much as independents are."

Appellee Ira Corbin testified that other wells had been drilled adjacent to the lease but was unable to say whether they were producing nor offer any information about the wells themselves.

Clearly, appellees did not discharge their burden of showing that an ordinarily prudent and diligent operator would have drilled further wells. Nor did appellees show that the current wells have ever achieved a paying quantity status.

I would hold that appellees raised no more than a scintilla of evidence that corporate appellants Getty Oil Company, Inc. and Amoco Production Company, breached the implied covenant to further produce. The evidence is therefore, totally insufficient to sustain the trial court's implied findings and is against the great weight and preponderance of the evidence. I would remand as to appellants Getty Oil Company, Inc. and Amoco Production Company, with instructions to transfer to their respective counties of residence.

There is no evidence to support the implied findings of the trial court as to corporate appellants Natural Gas Management Company or Alpha Twenty-One Corporation nor as to individual appellants Richard Phillips, Trustee, Leo Vesenmeir, Jr. and W.B. Yarborough. I would reverse and remand with instructions to transfer to their respective counties of residence. I dissent to the disposition made by the majority.