Ed **MORIARTY**, Appellant,

v.

**Clayton W. WILLIAMS, Jr., and Claydesta Communications, Inc., Appellees.**

No. 08–87–00324–CV.

Court of Appeals of Texas, El Paso.

May 4, 1988.

Rehearing Denied June 8, 1988.

Philip C. Short, DuBose & Short, Houston, for appellant.

Donald E. Godwin, Mawell, Godwin & Carlton, Bernie E. Hauder, Dallas, for appellees.

Before SCHULTE, FULLER and WOODARD, JJ.

## OPINION

FULLER, Justice.

This is an appeal from the granting of a motion to transfer venue and the thereafter granting of a summary judgment in favor of Appellees, Clayton W. Williams, Jr. (Williams) and ClayDesta Communications, Inc. (ClayDesta). We reverse the order of the 131st District Court of Bexar County that transferred venue to Midland County, and we necessarily therefore reverse the summary judgment thereafter granted by the 142nd District Court of Midland County.

Point of Error No. One asserts that the 131st District Court of Bexar County erred in transferring the case to Midland County, Texas.

Points of Error Nos. Two through Seven assert that the 142nd District Court of Midland County, Texas erred in granting summary judgment in favor of Appellees.

Appellant's suit against the Appellees was filed in Bexar County, the residency of the Appellant, alleging a cause of action for breach of contract. Appellees filed a motion to transfer venue to Midland, Texas, the residency of Williams and the principal office of ClayDesta. Appellant filed a response in opposition to the motion to transfer venue and attached an affidavit of the Appellant.

■ Appellant, within thirty days of the venue hearing, filed an amended opposition to the motion to transfer venue without first obtaining leave of the court. Rule 87(1) of the Texas Rules of Civil Procedure provides: "[e]xcept on leave of the court any response or opposing affidavits shall be filed at least 30 days prior to the hearing of the motion to transfer...." There was no affirmative indication in the record that the trial court allowed the late filing of the amended opposition to Appellees' motion to transfer venue. Therefore, it is our duty to presume that the trial court refused and did not consider the late filing of Appellant's amended opposition response. *Nava v. Steubing*, 700 S.W.2d 668 (Tex. App.—San Antonio 1985, no writ). Appellees contend that the trial court could not consider the amended opposition to the motion to transfer venue but also claims the amended opposition response in effect "took the place" of the Appellant's original on-time response, thereby "wiping out" from the trial court's consideration any answer or response to Appellees' venue motion. We disagree and find that the trial court should consider the Appellant's original response to the venue motion. Even if such contention put forth by Appellees had validity, it would not justify the transfer of venue.

■ Appellant's first amended original petition was filed more than seven days before the venue hearing and was properly before the court at such hearing. Tex.R. Civ.P. 63. Rule 87 sec. 3(b) states in regard to the venue hearing: "[t]he court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed by the parties...."

Appellant's first amended original petition supplanted the Appellant's original petition and the court was duty bound to consider Appellant's last amended pleading. *Schepps v. American District Telegraph Co. of Texas*, 286 S.W.2d 684

(Tex.Civ.App.—Dallas 1955, no writ). The last amended pleading stands on its own allegations, unaided by the superseded pleading. "Since the amended pleading takes the place of the pleading it supersedes, a filed answer to the earlier pleading will be construed automatically as an answer to the amendment, at least so long as the latter does not set up an entirely new claim on a wholly different transaction or occurrence." 2 McDonald, Texas Civil Practice, sec. 8.10 (rev. 1982).

■ At the time of the venue hearing, the trial court should have looked at Appellant's first amended original petition which alleged new causes of action. Appellees did not file an amended answer or an amended motion to transfer venue to meet the first amended original petition. This resulted in a lack of specific denial of all venue facts alleged in the first amended original petition.

The Appellant's original petition alleged only a breach of contract action whereas the amended pleading alleged the existence of a cause of action for (1) breach of contract, (2) declaratory judgment, (3) conversion, (4) quantum meruit, (5) negligence, (6) abuse of process, (7) libel and slander. Alternate allegations are sufficient for the purpose of maintaining venue. *Getty Oil Company v. Corbin*, 653 S.W.2d 342 (Tex. App.—San Antonio 1983, cause dismissed as moot).

■ Appellee ClayDesta is a corporation and, as such, suit against it "may be brought in the county in which its principal office is situated, in the county in which all or a part of the cause of action arose, or in the county where the plaintiff resided when all or a part of the cause of action arose, provided the corporation ... has an agency or representative in the county...." Tex. Civ.Prac. & Rem.Code Ann. sec. 15.036 (Vernon 1986). Appellee ClayDesta did not specifically deny that it had an agency or representative in Bexar County as alleged by Appellant. A failure to specifically deny a pleaded venue fact admits it for purposes of venue. Tex.R.Civ.P. 87 sec. 3(a).

In Appellant's amended pleading, he sued for damages for libel and slander. "A suit for damages for libel, slander, or invasion of privacy shall be brought and can only be maintained in the county in which the plaintiff resided at the time of the accrual of the cause of action, or in the county in which the defendant resided at the time of filing suit, or in the county of the residence of defendants, or any of them, or the domicile of any corporate defendant, *at the election of the plaintiff.*" [emphasis ours]. Tex.Civ.Prac. & Rem. Code Ann. sec. 15.017 (Vernon 1986).

■ When at least two defendants, such as here, are properly joined in a single lawsuit and the trial court has venue of an action or claim against any one defendant, the court also has venue of all claims or actions against all defendants. Tex.Civ. Prac. & Rem.Code Ann. sec. 15.061 (Vernon 1986). The trial court should have denied Appellees' motion to transfer venue to Midland County.

Point of Error No. One is sustained.

We reverse the order of the 131st District Court of Bexar County that transferred venue to Midland County and necessarily therefore reverse the summary judgment granted by the 142nd District Court of Midland, Texas and remand the case to that court in Midland with instructions to order the district clerk of Midland County to transfer the case to the 131st District Court of Bexar County, Texas.