**Vicki WATSON, Appellant,**

v.

**CITY OF ODESSA, Texas, Appellee.**

**No. 08–93–00384–CV.**

Court of Appeals of Texas,
El Paso.

Jan. 26, 1995.

Rehearing Overruled Feb. 22, 1995.

---

Thomas A. Spieczny, El Paso, for appellant.

Elizabeth Lutton, Sr. Asst. City Atty., Odessa, Joseph V. Crawford, Wright & Greenhill, P.C., Austin, for appellee.

Before LARSEN, McCLURE and CHEW, JJ.

## OPINION

CHEW, Justice.

This is a "whistleblower" suit brought under Article 6252–16(a) of the Texas Revised Civil Statutes. Appellant, Vicki Watson ("Watson"), appeals from the Ector County trial court's grant of Summary Judgment in favor of Appellee, the City of Odessa ("Odessa"), and further appeals the Travis County trial court's granting of Appellee's Motion to Transfer Venue from Travis County to Ector County. We reverse.

Watson was employed by Odessa. She claims that her cooperation in an investigation of the City of Odessa and the Odessa Housing Authority by the Federal Bureau of Investigation ("FBI") and the Inspector General's Office of Housing and Urban Development ("HUD") was the reason for her dismissal by Odessa.

Watson filed suit in Travis County on July 8, 1991. Her Original Petition alleged: (1)

claims against Odessa and the Odessa Housing Authority under the Whistleblower Act, TEX.REV.CIV.STAT.ANN. art. 6252–16(a) (Vernon Pamphlet 1987); and (2) four state tort law claims under the Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.002(a) (Vernon Supp.1995). On August 8, 1991, Odessa and the Odessa Housing Authority filed Motions to Transfer Venue from Travis County to Ector County, claiming venue was mandatory in Ector County because of the state tort law claims.

No response to the Motions to Transfer Venue was filed, however, Watson filed her First Amended Petition on September 27, 1991. The amended petition eliminated the Odessa Housing Authority and withdrew all claims against Odessa except the "whistleblower" claim. Concomitantly, Watson filed a motion to dismiss the Odessa Housing Authority, which was granted on October 1, 1991. A hearing was held on Odessa's Motion to Transfer Venue on October 3, 1991. No record of the proceedings was made. The court requested briefs and took the matter under advisement. On May 11, 1992, the court ordered the case transferred to Ector County to the 244th Judicial District Court. On August 11, 1993, the 244th District Court granted summary judgment in favor of Odessa.

Point of Error One asserts that the 299th District Court of Travis County erred in transferring the case to Ector County, Texas. Points of Error Two through Four assert that the 244th District Court of Ector County, Texas erred in granting summary judgment in favor of Appellees. We need only address the venue issue.

▮ The Plaintiff has the right and first choice to file suit in any proper county. Venue may be proper in many counties under general, permissive, or mandatory venue rules. *Wilson v. Texas Parks and Wildlife Dept.*, 886 S.W.2d 259, 260 (Tex.1994) (citing *Tieuel v. Southern Pacific Transp. Co.*, 654 S.W.2d 771, 775 (Tex.App.—Houston [14th Dist.] 1983, no writ). The Whistleblower Act provides for permissive venue in either Travis County or the county where the plaintiff resides. TEX.REV.CIV.STAT.ANN. art. 6252–16(a) (Vernon Pamphlet 1992). The Texas

Tort Claims Act provides for mandatory venue in the county where "the cause of action, or a part of the cause of action arises." TEX.CIV.PRAC. & REM.CODE ANN. § 101.002(a) (Vernon Supp.1995).

Section 15.061 of the Texas Civil Practices and Remedies Code provides that mandatory venue provisions control over permissive venue provisions. TEX.CIV.PRAC. & REM.CODE ANN. § 15.061 (Vernon 1986). See also *Mims v. East Texas Production Credit Ass'n*, 496 S.W.2d 682, 685 (Tex.Civ.App.—Tyler 1973, writ dism'd). Thus, it is clear that prior to the filing of Watson's amended petition, Travis County was a proper, permissive venue site but Ector County was a mandatory venue site. Odessa properly challenged the maintainability of venue in Travis County on the basis that the mandatory venue provision of the Texas Tort Claims Act controlled over the permissive venue of the Whistleblower Act, but not because venue was improper in Travis County.

▮ The burden in a Motion to Transfer Venue initially rests with the movant to make proof that venue is maintainable in another specified county under either the general venue rule, a mandatory venue provision, a permissive venue provision, or because of multiple claims. TEX.R.CIV.P. 87(2)(a). The Motion to Transfer must show "that the action should be transferred to another specified county of proper venue because: (a) the county where the action is pending is not a proper county; or (b) mandatory venue of the action in another county is prescribed...." TEX.R.CIV.P. 86(3). Once the movant has met this burden, the burden shifts to the non-movant to prove that venue is maintainable in the original county. TEX.R.CIV.P. 87(2)(a).

Texas Rule of Civil Procedure 87(3)(b) states in regard to the venue hearing: "The court shall determine the motion to transfer venue on the basis of the pleadings, any stipulations made by and between the parties and such affidavits and attachments as may be filed by the parties...." TEX.R.CIV.P. 87(3)(b).

Odessa asserted that Watson did not timely respond to the Motion to Transfer Venue

and that the First Amended Original Petition should be disregarded as untimely since it was filed less than thirty days prior to the hearing of the motion. TEX.R.CIV.P. 86(4) and 87(1). This argument supposes that a response was required; and accordingly, treats Watson's First Amended Original Petition as such a response. However, it is clear that Watson was not required to file a response to the Motion to Transfer Venue. TEX.R.CIV.P. 86(4) and 87(1).

 On the other hand, Watson was clearly entitled to amend her pleadings by the timely filing of her First Amended Original Petition seven days before the venue hearing. Therefore, the amended pleadings were the live and only pleadings properly before the court at the hearing of the Motion for Transfer of Venue. TEX.R.CIV.P. 63. Watson's First Amended Original Petition supplanted the Original Petition and the court was bound to consider only Watson's last pleading. *Moriarty v. Williams,* 752 S.W.2d 610, 611 (Tex.App.—El Paso 1988, writ denied); *Schepps v. American District Telegraph Co. of Texas,* 286 S.W.2d 684, 688 (Tex.Civ. App.—Dallas 1955, no writ).

Therefore, at the time of the venue hearing, the trial court could only consider the "live" pleadings and such affidavits and attachments as may have been filed by the parties. TEX.R.CIV.P. 87(3)(b). Watson's First Amended Original Petition dropped her claims under the Tort Claims Act. Odessa did not file an amended answer or an amended motion to transfer venue to meet the amended original petition. With no Tort Claims Act claims, Odessa's Motion to Transfer based only upon the mandatory venue provisions of the Texas Tort Claim Act was no longer viable. Watson properly preserved the permissive venue right accorded her under the Whistleblower Act, the propriety of which was never challenged by Odessa's Motion to Transfer Venue.

Taking the venue facts properly plead and premised upon the Whistleblower Act as true, Odessa's Motion to Transfer Venue should have been denied. TEX.R.CIV.P. 87(3)(a). Because improper granting of a Motion to Transfer venue is never harmless error, *Wilson,* 886 S.W.2d at 261, we reverse the judgment of the 244th District Court and remand the action and order that the cause be transferred to Travis County for a new trial.