NUMBER 13-11-00260-CV

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI – EDINBURG

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



IN RE FLUOR ENTERPRISES, INC. F/K/A FLUOR DANIEL, INC.

 

 



On Petition for Writ of Mandamus.

 

 



MEMORANDUM OPINION

 

Before Chief Justice Valdez and Justices Rodriguez
and Benavides

Memorandum Opinion by Chief Justice
Valdez

            Through this
original proceeding, Fluor Enterprises, Inc. f/k/a Fluor Daniel, Inc.
(“Fluor”), seeks to compel the trial court to transfer venue of this case from
Hidalgo County, Texas, to Dallas County, Texas.  We conditionally grant the
petition for writ of mandamus.

I. 
Background

Real party in interest, John Joseph
Whelan, III, was injured on the job on February 11, 2009 while employed by
Fluor as a “foreman turbine millwright” at Fluor’s facility in Robertson
County.  After a dispute arose between Whelan and his supervisor, Charles
Smith, regarding Whelan’s injuries and the completion of safety reports
pertaining to those injuries, Whelan was terminated on February 28, 2009.  

On February 26, 2010, Whelan filed
suit against Fluor and Smith in Hidalgo County.  His original petition alleged
libel, slander, and defamation causes of action against Fluor and Smith and
included a cause of action for retaliatory discharge against Fluor.  According
to the venue facts alleged in the petition, Whelan resided in the Rio Grande
Valley, Fluor’s principal place of business was in Irving, Texas, and Smith
could be served in Irving, Texas.  Whelan alleged that venue was proper in
Hidalgo County because his “cause of action arose in whole or in substantial
part in Hidalgo County, Texas.”

On March 26, 2010, Fluor filed a
motion to transfer venue to Dallas County based on the mandatory venue provision
applicable to defamation claims.  See Tex.
Civ. Prac. & Rem. Code Ann. § 15.017 (West 2002).  Fluor also
contended that venue was proper in Dallas County under the general venue rule
because that is where its principal place of business in Texas is located.  See
id. §15.002(a)(3) (West 2002).  Fluor specifically denied that Hidalgo
County was a proper venue and specifically denied that Whelan’s cause of action
arose in Hidalgo County.  Instead, Fluor contended that all alleged acts and
omissions occurred at Fluor’s facility in Robertson County where Whelan was
employed.  Fluor also argued that Whelan failed to allege that he resided in
Hidalgo County at the time of the events giving rise to his suit.  See id.
§ 15.006 (West 2002)  (“A court shall determine the venue of a suit based on
the facts existing at the time the cause of action that is the basis of the
suit accrued.”).  

On or about May 27, 2010, Whelan
filed an “Opposition and Response” to the motion to transfer venue and also
filed an amended petition.  In both, Whelan contended that venue was proper in
Hidalgo County because that is where he filed his workers’ compensation claim. 
According to Whelan, the institution of a workers’ compensation claim is a
material element in proving his retaliatory discharge claim.  See Tex. Lab. Code Ann. § 451.001 (West
2006).  Whelan did not specifically deny or otherwise address Fluor’s
contentions that mandatory venue for defamation claims placed venue in Dallas
County and did not address Fluor’s contentions regarding its principal place of
business.

By order issued on or about April 1,
2010, the trial court set Fluor’s motion to transfer venue to be heard on June
3, 2010.  At the hearing, the parties notified the trial court that the hearing
was set without forty–five day’s notice.  See Tex. R. Civ. P. 87(1) (“Except on leave of court each party
is entitled to at least 45 days notice of a hearing on the motion to
transfer.”).  After discussion, the trial court reset the hearing for June 15,
2010.  Subsequently, on June 10, 2010, Fluor filed an amended motion to
transfer venue reiterating and expanding on its venue allegations.  

On the morning of June 15, 2010,
Whelan filed a second amended petition omitting his cause of action for
defamation.  That same day, the trial court held the hearing on the motion to
transfer venue.  At the hearing, Whelan, in open court, averred that he was
dropping all claims for defamation.  At the close of the hearing, the trial
court took the motion to transfer under consideration.  Subsequently that same
day, Whelan filed a third amended petition dropping all claims against Smith.  

On August 30, 2010, by written order,
the trial court denied the motion to transfer venue.  This original proceeding
ensued.  Fluor asserts the issue in this case is as follows:

Whether Whelan could thwart the application of a
mandatory venue provision by withdrawing a claim to which the provision applied
the morning of the venue hearing, or whether, under GeoChem Tech Corp. v.
Verseckes, 962 S.W.2d 541 (Tex. 1998), Whelan’s withdrawal of the claim
fixed venue in the county to which Fluor sought a transfer[?]

 

The Court requested and
received a response to the petition for writ of mandamus from Whelan.[1]  

II. 
Standard of Review

Venue rulings are
generally not subject to interlocutory appeal.  See Tex. Civ. Prac. & Rem. Code Ann. §
15.064(a) (West 2002); Tex. R. Civ. P.
87(6); In re Team Rocket, L.P., 256 S.W.3d 257, 259–60 (Tex. 2008)
(orig. proceeding).  However, mandatory venue provisions may be enforced by
mandamus.  See Tex. Civ.
Prac. & Rem. Code Ann. § 15.0642 (West 2002).  Ordinarily, mandamus relief lies when the trial
court has abused its discretion and a party has no adequate appellate remedy.  In
re Prudential Ins. Co., 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.
proceeding); Walker v. Packer, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig.
proceeding).  However, where a party seeks to enforce a mandatory venue
provision under chapter 15 of the Texas Civil Practices and Remedies Code, a
party is required only to show that the trial court abused its discretion by
failing to transfer the case and is not required to prove that it lacks an
adequate appellate remedy.  In re Tex. Dept. of Transp., 218 S.W.3d 74,
76 (Tex. 2007) (orig. proceeding).  A trial court abuses its discretion if it
reaches a decision so arbitrary and unreasonable as to amount to a clear and
prejudicial error of law or if it clearly fails to correctly analyze or apply
the law.  See In re Cerberus Capital Mgmt., L.P., 164 S.W.3d 379, 382
(Tex. 2005) (orig. proceeding).  In mandatory venue mandamus actions, we look
only to whether the trial court clearly abused its discretion in ruling upon
the motion.  In re Applied Chem. Magnesias Corp., 206 S.W.3d 114, 117
(Tex. 2006) (orig. proceeding).

III.  Procedure and Burden of
Proof

 

Because venue may be proper in more
than one county, the plaintiff is given the first choice to fix venue in a
proper county by filing suit in that county.  See In re Team Rocket, 256
S.W.3d 257, 259 (Tex. 2008) (orig. proceeding); In re Masonite Corp.,
997 S.W.2d 194, 197 (Tex.  1999) (orig. proceeding).  If a defendant objects to
the plaintiff’s venue choice and properly challenges that choice through a
motion to transfer venue, then the question of proper venue is raised. 
Wichita County v. Hart, 917 S.W.2d 779, 781 (Tex. 1996); Wilson v. Tex.
Parks & Wildlife Dep't, 886 S.W.2d 259, 260 (Tex. 1994); see Tex. R. Civ. P. 86(3), 87(2)(b).  In
its motion to transfer venue, a defendant must specifically deny the venue
facts in the plaintiff’s petition; if not, they are taken as true.  Tex. R. Civ. P. 87(3)(a).  

Once the defendant has specifically
denied the plaintiff's venue facts, then the plaintiff is required to make prima
facie proof of its venue facts.  Id.; In re Masonite Corp., 997
S.W.2d at 197.  “Prima facie proof is made when the venue facts are properly
pleaded and an affidavit, and any duly proved attachments to the affidavit, are
filed fully and specifically setting forth the facts supporting such
pleading.”  Tex. R. Civ. P. 87(3)(a);
see Rodriguez v. Printone Color Corp., 982 S.W.2d 69, 72 (Tex. App.—Houston
[1st Dist.] 1998, pet. denied) (“A prima facie case represents the minimum
quantity of evidence necessary to support a rational inference that the
allegation of fact is true.”).  Affidavits must be made on personal knowledge,
set forth specific facts as would be admissible in evidence, and show
affirmatively that the affiant is competent to testify.  Tex. R. Civ. P. 87(3)(a).  The
plaintiff's prima facie proof is not subject to rebuttal, cross–examination,
impeachment, or disproof.  Ruiz v. Conoco, Inc., 868 S.W.2d 752, 757
(Tex. 1993).  

If a plaintiff has adequately pleaded
and made prima facie proof that venue is proper in the county of suit, the
trial court must maintain the lawsuit in the county where suit was filed unless
the motion to transfer is based on the grounds that an impartial trial cannot
be held in the county where the action is pending or on an established ground
of mandatory venue.  Tex. R. Civ. P.
87(3)(c); see Wilson, 886 S.W.2d at 261 (“Together, Rule 87(3)(c)) and
section 15.063(1) require that a lawsuit pleaded and proved to be filed in a
county of proper venue may not be transferred.”).  In such a situation, no
other county can be a proper county of venue, even if the county of transfer
also would have been proper had it been originally chosen by the plaintiff.  Wilson,
886 S.W.2d at 261.  This rule gives effect to the plaintiff's right to select a
proper venue.  Id.  If the plaintiff fails in his burden, the defendant
has the burden of showing that venue is maintainable in the county in which the
transfer is sought under either a general, permissive, or mandatory venue
rule.  Tex. R. Civ. P. 87(2)(a). 
If the defendant succeeds in that showing, the cause will be transferred to the
appropriate county.  Id.

When ruling on a motion to transfer
venue, the trial court must assume the pleadings are true and determine venue
based on the pleadings and affidavits submitted by the parties.  Id. at
R. 87(3)(c).  Venue questions are to be decided based on the “facts existing at
the time the cause of action that is the basis of the suit accrued.”  Tex. Civ. Prac. & Rem. Code Ann. §
15.006 (West 2002).

IV. 
Permissive and Mandatory Venue

Under the general venue rule, all
lawsuits must be brought in either:  (1) the county in which all or a substantial
part of the events or omissions giving rise to the claim occurred; (2) the
county of defendant's residence at the time the cause of action accrued if the
defendant is a natural person; or (3) the county of the defendant's principal
office in this state, if the defendant is not a natural person.  See id.
§ 15.002(a).  However, mandatory venue provisions control over general venue
provisions.  See id. § 15.004 (West 2002).  At issue herein is section
15.017 of the Texas Civil Practice and Remedies Code, which provides: 

A suit for damages for libel, slander, or invasion of
privacy shall be brought and can only be maintained in the county in which the
plaintiff resided at the time of the accrual of the cause of action, or in the
county in which the defendant resided at the time of filing suit, or in the
county of the residence of the defendants, or any of them, or in the domicile
of any corporate defendant, at the election of the plaintiff.

 

Id. § 15.017.  This section provides for mandatory
venue.  In re Adan Volpe Props., 306 S.W.3d 369, 375 (Tex. App.—Corpus
Christi 2010, orig. proceeding); Marshall v. Mahaffey, 974 S.W.2d 942,
947 (Tex. App.—Beaumont 1998, pet. denied).  

V.  Analysis

In its motion to transfer venue,
Fluor specifically denied Whalen’s venue facts[2]  and asserted in its pleadings that venue should be
transferred to Dallas County as the county of mandatory venue for defamation
claims, and alternatively, as the proper county of its principal office under
the general venue rules.[3] 
Whalen did not specifically deny or even address these contentions in his
“Opposition and Response.”  Rather, he contended at the hearing and now on this
original proceeding that he has amended his pleadings to omit the cause of
action calling for mandatory venue.  However, the venue facts pleaded in a
motion to transfer venue are taken as true unless the plaintiff specifically
denies them.  See Tex. R. Civ. P.
87(3)(a); In re Pepsico, Inc., 87 S.W.3d 787, 792 (Tex. App.—Texarkana
2002, orig. proceeding).  Thus, Fluor’s venue facts are taken as true because
Whelan did not specifically deny them.  

Whalen argues that mandatory venue is
inapplicable based on the amendments to his pleadings omitting his claims for
defamation.  Whalen was clearly entitled to amend his pleadings at least seven
days before the hearing on the motion to transfer.  Tex. R. Civ. P. 63; Watson v. City of Odessa, 893
S.W.2d 197, 199–200 (Tex. App.—El Paso 1995, writ denied); see also Moriarty
v. Williams, 752 S.W.2d 610, 611 (Tex. App.—El Paso 1988, writ denied)
(holding that the plaintiff was allowed to amend his petition to add claims not
addressed by the motion to transfer venue).  However, Whalen did not file his
amended petitions until the day of the hearing, and accordingly, such petitions
were not before the trial court for its consideration.  See Watson,
893 S.W.2d at 199–200.  

Fluor contends that our analysis of
this case is governed by GeoChem Tech Corp. v. Verseckes, 962 S.W.2d 541
(Tex. 1998).  In that case, the Texas Supreme Court was called on to decide
whether the “plea of privilege” rule that venue was fixed in the county to
which transfer was sought when the plaintiff took a nonsuit after the defendant
filed a plea of privilege applied under current venue rules.  See id. at
542.  The supreme court held that whether a change of venue was warranted must
be determined from the record filed at the time the nonsuit was taken because
either or both of the parties may or may not have made prima facie proof at the
time of the nonsuit.  Id. at 543.  Thus, depending on the state of the
record at the time of the filing of a nonsuit, if an objection to venue has
been filed and the plaintiff then takes a nonsuit and has not specifically
denied the venue facts averred by the party seeking transfer, the venue facts
alleged in the motion to transfer may be taken as true.  Id.  Given the
applicable rules pertaining to the amendment of pleadings and their
relationship to the motion to transfer venue as delineated in rule 87 of the
rules of civil procedure, we are disinclined to apply GeoChem to the
facts of this case.  However, given our holding herein, we need not address
this argument further.  See Tex.
R. App. P. 47.1, 47.4.

VI. 
Conclusion

Based on the foregoing, we conclude
that the trial court erred in refusing to apply the mandatory venue provision
applicable to defamation claims to the instant case.  Accordingly, we
conditionally grant the petition for writ of mandamus and direct the trial
court to transfer venue of this case to Dallas County.  The writ will issue
only if the trial court fails to comply with this directive.

 

_____________________

Rogelio Valdez

                                                                                                Chief
Justice

 

Delivered and filed the 

13th day of June, 2011.

 

 

 

 









            [1] The Court herein GRANTS Whelan’s “Motion for Leave to
File Response to Petition for Writ of Mandamus.”

 





            [2]  When a party is entitled to a transfer under a
mandatory venue provision, it is not necessary for that party to challenge the
venue facts pleaded by its adversary.  See In re Fort Bend County, 278
S.W.3d 842, 845 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding).

 





            [3] We do not review Fluor’s allegations regarding general
venue in this original proceeding and confine our review to the application of
mandatory venue herein.  See Tex.
Civ. Prac. & Rem. Code Ann. §§ 15.064(a), 15.0642 (West 2002); Tex. R. Civ. P. 87(6) ("There
shall be no interlocutory appeals from such determination."); In re
Team Rocket, L.P., 256 S.W.3d 257, 259–60 (Tex. 2008) (orig. proceeding).